D. C. Heath & Co., &c. v. Commonwealth, &c.

---

CASE 99.—ACTION BY COMMONWEALTH, BY SUPERIN-
TENDENT OF SCHOOLS OF MERCER COUNTY,
AGAINST D. C. HEATH & CO., AND OTHERS FOR
BREACH OF BOND IN SELLING SCHOOL BOOKS.—
October 21.

# D. C. Heath & Co. v. Commonwealth

129 835
f136 224

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff, defendants appeal — Af-
firmed.

1. Appeal and Error — Right to Appeal — Effect. — The right of
   appeal may exist independently of whether appellant will be
   entitled to the relief sought thereby.
2. Attorney and Client—Authority of Attorney—Right to Com-
   promise Claims.—An attorney, employed to sue on and collect
   a claim, cannot, in the absence of special authority, com-
   promise the claim for less than the full amount thereof, nor
   release a judgment by accepting something not sued for in
   satisfaction thereof.
3. Schools and School Districts—Bonds—Actions—Authority of
   County Superintendents. — Ky. St. 1903, section 4422, as
   amended by Act March 1902, creating a county board of ex-
   aminers, to consist of the county superintendent and two
   others, and sections 4423, 4424, requiring the board to adopt
   a list of text-books and a seller of text-books to give a bond
   that the text-books sold shall not exceed the lowest price at

D. C. Heath & Co., &c. v. Commonwealth, &c.

which the same books are sold by the seller elsewhere, and requiring the county superintendent to bring suit for a forfeiture of such bond, etc., authorize the county superintendent to sue for a forfeiture of the bond, collect the same, and pay the proceeds into the county school fund; but he cannot accept in satisfaction of a judgment less than the whole thereof, and his act in accepting a note for a less sum and entering satisfaction of the judgment is void.

4. Schools and School Districts—Action of County Superintendent —Estoppel.—An action by a county superintendent to recover on a note given in satisfaction of a judgment of forfeiture of the bond required by Ky. St. 1903, section 4424, requiring a seller of text-books to enter into a bond that he will sell text-books for a price not exceeding the lowest price at which such books are sold by him elsewhere, is unauthorized, and does not estop the State from suing to set aside the satisfaction of the judgment by the county superintendent on receipt of such note.

5. Schools and School Districts—Bonds—Actions—Satisfaction of Judgment—Suit to Set Aside.—Under Civ. Code Prac. sections 18, 21, requiring every action to be brought by the real party in interest, and providing that a person expressly authorized to do so may sue without joining the person for whose benefit it is brought, the Commonwealth is the real party in interest in an action on a bond required by Ky. St. 1903, section 4424, requiring a seller of text-books to give a bond that he will sell books at a price not exceeding the lowest price at which such books are sold by him elsewhere, where an action to set aside a satisfaction of the judgment rendered in an action on the bond in the name of the Commonwealth and county superintendent is instituted in the same way, the superintendent cannot dismiss the action against the objection of the county attorney.

6. Schools and School Districts—Bonds—Actions—Satisfaction of Judgment—Suit to Set Aside.—Under Ky. St. 1903, section 130, requiring the county attorney to inquire into unsatisfied judgments in favor of the Commonwealth and take steps to collect the same, the county attorney may compel the payment of a judgment of forfeiture of a bond required by section 4424, requiring a seller of text-books to give bond that such books shall be sold at a price not exceeding the lowest price at which the same are sold by him elsewhere, and he may object to the dismissal by the county superintendent of an action to set aside a satisfaction of such judgment improperly entered.

D. C. Heath & Co., &c. v. Commonwealth, &c.

W. B. MOULTON and WM. L. WHITTINGHILL, Attys. for appellant.

Appellees not entitled to any relief.

## AUTHORITIES CITED.

Ky. Stats., 1903, sec. 4423; B. F. Johnson Pub. Co. v. Commonwealth, 97 S. W., 749, 30 Ky. Law Rep., 148; Am. Book Co. v. Wells, 26 Ky. Law Rep., 1159, 83 S. W., 622; Mills v. Myers, 70 S. W., 412, 24 Ky. Law Rep., 971; Ky. Stats., (1903) 2017, 130; Ency. Pl. and Pr., vol. 17, p. 147; Eckford v. Hogan, 44 Miss., 348; Civ. Code, 117-4; Wheeler v. Wales, 3 Bush, 225; Harrison v. Lebanon Water W. Co., 91 Ky., 255; Civ. Code, sec. 550, subsec. 1; 3 Met., 278, 2 Duv., 480, 14 B. M., 517; Parks v. Reynolds, 111 Ky., 651; Acts 1906, p. 341; Practice Act, 1902 (Civil Code, sec. 367-A), subsec. 11; Com. v. Ginn & Co., 111 Ky., 111; 9 Cyc., 615; citing, Hicks v. Shouse, 17 B. M., 483; Button v. Higgins, 38 Pacific, 390; Wicks v. Heashey, 35 Iowa, 340; De Wolf v. French, 51 Main, 420; Randal v. Johnson, 59 Miss., 37; Nolan v. Bull, 24 Ore., 479; Ubsdell v. Cunningham, 22 Mo., 124; Capron v. Capron, 44 Vt., 410; Nunez v. Dautel, 19 Wall., 560; Leake, Contracts, 635; Hicks v. Shouse, 17 B. M., 483; Nolan v. Bull, 24 Ore., 479; 16 Cyc., 140-3; citing, Deppen v. German-Am. Title Co., 24 Ky. Law Rep., 1110; Wicks v. Dean, 19 Ky. Law Rep., 1708; Home Benefit Society of N. Y. v. Meuhl, 109 Ky., 479; Railroad Co. v. McElroy, 100 Ky., 153; Deppen v. German-Am. Title Co., 24 Ky. Law Rep., 1110; Wicks v. Dean, 19 Ky. Law Rep., 1708; Cunningham v. Belknap, 22 Ky. Law Rep., 1580; Huffaker v. Jones, 13 Ky. Law Rep., 432; Reed v. Hubbard, 6 Wis., 174; Althoff v. St. Louis Transit Co., 102 S. W., 642 (Mo. 1907); Lee v. Vacuum Oil Co., 126 N. Y., 579; Home Benefit Society v. Muehl, 109 Ky., 479; Althoff v. St. Louis Transit Co., 102 S. W., 642 (Mo. 1907); Taylor v. Patrick, 1 Bibb (Ky.), 168; Kennedy v. Davis, 2 Bibb (Ky.), 343; Fisher v. May, Id., 448; Hunt v. Duncan, 12 Ky. Law Rep., 45; Bates v. Todd, 4 Litt., (Ky.) 177; Agnew v. Brall, 124 Ill., 312; Hardesty v. Graham, 8 Ky. Law Rep., 95, 3 S. W., 909; 8 Cyc., 510, note 28 and cases cited; 8 Cyc., 512, note 34; Breckenridge v. Wales, 4 Dana (Ky.), 620; Bates v. Todd, 4 Litt. (Ky.), 177; Galusha et al. v. Sherman et al., 105 Wis., 268; Smith v. Farra, 21 Ore., 400; Jones v. Chappell, 21 Ky. (5 T. B. Mon.), 422; Collins v. Welch, 58 Iowa, 72; Ky. Stats., 4423; Ency. Pl. and Pr., vol. 17, 147; Wayman, Law of Administration, 83; Agnew v. Brall, 124 Ill., 312; Cooley, Taxation, 2nd Ed., chap 1, p. 15; State v. Davis, 11 S. D., 11, 75 N. W., 897; 16 Cyc., p. 162, subsec.

D. C. Heath & Co., &c. v. Commonwealth, &c.

7; Id., note 95; citing Hanover v. Calumet, 1 J. J. M., (Ky.) 506; Mason v. Byers, 24 Ky. Law Rep., 344, 68 S. W., 444; Spalding v. St. Joseph Industrial Scohol, 107 Ky., 382, etc.; Ky. Stats., (1903) 2523; Gray v. Soden, 120 Ky., 277, 86 S. W., 515, 27 Ky. Law. Rep., 673; Ky. Stats., (1903) 1138, 2515; Commonwealth v. Equitable Life Co., 100 Ky., 341; Dillon, Municipal Corporations, vol. 2, p. 746; City of Paris v. Commonwealth, 4 Ky. Law Rep., 597; Commonwealth v. City of Lexington, 6 Ky. Law Rep., 519.

W. J. ALLEN, County Atty. and B. F. ROACH for appellees.

1. The technical questions raised herein are in our opinion of no merit, and were not made for the purpose of reaching the issue, but to lead away from it. They are the smoke raised by the tail of the cuttle fish behind which it seeks refuge. It is simply an effort to get in the record some technical error, hoping thereby to induce, not prevent, the miscarriage of justice.

2. Appellant has forfeited his bond, the penalty is fixed at $10,000; a judgment has been rendered against it therefor. Can it by trickery, by fraud, deceit, chicanery, by log-rolling with officials, save itself from the operation of the law? Its efforts have, as we see it, the nerve, not merit, of coming out in the open to fight for the enforcement of a shameful, sordid bargaining; putting itself in a position where there may be a question only whether it should be pitied for its deficiencies or condemned for its baseness.

### AUTHORITIES CITED.

Reilley v. Call, 7 Ky. Law Rep., 516; Harrow v. Farrow, 46 Ky., 126; Smith v. Dixon, 60 Ky., 438; Cox v. Alexbof, 21 Ky. Law Rep., 421; Benedict v. Wilhoit, 26 Ky. Law Rep., 178; Com. v. Ward, 1 J. J. M., 310; McAllerter v. Com., 6 Bush, 581; Com. v Shepperd, 5 Ky. Law Rep., 766; Howard v. Brown, 13 Ky. Law Rep., 271.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In 1905 H. H. Walker, then county superintendent of schools in Mercer county, in the name of the Commonwealth of Kentucky and in his official capacity as such superintendent instituted an action in the Mercer circuit court against the appellant, D.

C. Heath & Co., a corporation engaged in publishing and selling schoolbooks, and B. F. Graziani, their surety, in a bond executed to the Commonwealth, under sections 4423, 4424, Ky. St. 1903, for the faithful performance on their part of a contract made with the county superintendent of schools of Mercer county, whereby they sold and undertook to furnish for the use of the schools of that county certain schoolbooks. The petition alleged a breach of the contract and bond by appellants in selling to the schools of the state of Ohio schoolbooks of the same quality as those sold Mercer county at lower prices than they had received from Mercer county, and for this alleged breach of contract judgment was asked against appellants for $10,000 damages, the full amount of the penalty named in the bond. Appellants filed an answer, containing a traverse and plea in abatement, basing the latter upon the pendency of a like action brought against them in the Mason circuit court upon the same bond by the superintendent of schools of Mason county, it was alleged, deprived the Mercer circuit court of jurisdiction. A demurrer to the plea of no jurisdiction was sustained by the Mercer circuit court, and the case then went to trial upon the issues made by the traverse, resulting in a verdict and judgment in appellees' behalf for $10,-000. The day following the rendition of the judgment appellants and H. H. Walker, the then county superintendent, entered into an attempted written compromise and settlement thereof, whereby the latter accepted in satisfaction of the judgment of $10,000 the note of one W. S. Smith, an officer of D. C. Heath & Co., for $2,200, of date May 20, 1905, due 12 months after date, and payable upon determination by this court that the judgment rendered in

the Mercer court was valid.   The consideration ex-
pressed for the alleged compromise was the agree-
ment of appellants to surrender their right to enter
a motion for a new trial and of their right of appeal
from the judgment in question.   Pursuant to the
alleged settlement a formal satisfaction of the judg-
ment was entered upon the records of the Mercer
circuit court by the county superintendent.

On January 1, 1906, Miss Ora L. Adams succeeded
H. H. Walker as superintendent of schools of Mercer
county, and on August 20, 1907, she, in the name of
the Commonwealth of Kentucky and in her official
capacity, instituted the present action against the
appellants, D. C. Heath & Co., B. F. Graziani, H.
H. Walker, and Ben C. Allen, clerk of the Mercer
circuit court.   The petition sets forth the recovery
of the judgment rendered in the first action, and
alleges its nonpayment, that the entry of record show-
ing its satisfaction is false and of no effect, that it
was without authority, and was procured and made
by fraud and collusion between Walker, former
superintendent, and appellants.   The prayer of the
petition asked the cancellation of the entry as to
satisfaction of the judgment, and that Allen, clerk
of the circuit court, be required by mandamus to
issue execution upon the judgment against the prop-
erty of appellants.   After entering various motions
and demurrers, following an election by appellees to
dismiss so much of the action as asked the writ of
mandamus, appellants filed answer containing three
paragraphs.   The first paragraph, after traversing
the petition, set up and relied upon the alleged com-
promise and satisfaction of the judgment of $10,000;
that Ora L. Adams, present superintendent, had
brought suit upon the note of $2,200 given in satis-

faction of that judgment, thereby ratifying the set-
tlement; and that the maker of the $2,200 note is
solvent and able to pay any amount that may be
recovered upon the note.  The second paragraph
contained a plea of estoppel arising from the alleged
compromise and satisfaction of the $10,000 judgment;
it being averred that appellants were thereby pre-
vented from entering a motion for a new trial within
three days of the return of the verdict against them,
and, further, that their right to prosecute an appeal
from the judgment of $10,000 had been lost by the
laches of appellees in allowing two years to elapse
after the rendition of the judgment before institut-
ing the action to cancel the entry showing its satis-
faction.  The third paragraph contained a formal
plea of accord and satisfaction, resulting from the
acceptance by Walker, the former county superin-
tendent, of the $2,200 note of W. S. Smith in full sat-
isfaction of the judgment of $10,000.  Appellees filed
a general demurrer to the answer, which the circuit
court sustained, and, appellants refusing to plead
further, judgment was rendered canceling the entry
made of record respecting the satisfaction of the
$10,000 judgment, declaring appellees entitled to
enforce the full payment thereof, and allowing them
their costs.  From that judgment this appeal is
prosecuted.

It appears from the record that Ora L. Adams,
present superintendent of schools of Mercer county,
entered a motion before judgment to dismiss it, to
which the county attorney of Mercer county objected,
and that the circuit court sustained the objection and
overruled the motion to dismiss.  It also appears
that the same superintendent, after bringing the
action and while it was pending, brought another in

the Mercer circuit court against appellants upon the $2,200 note to recover the amount thereof, with interest. The record is indefinite as to the disposition made of the latter action, but briefs of counsel seem to concede that it was undetermined when the judgment in this action was rendered. Whether the alleged compromise under which the $2,200 note was executed was, as surmised by counsel for appellees, arranged before judgment for the $10,000 was rendered, or was, as claimed by appellants, made afterwards, is not material if the circuit court was right in holding the transaction void. It is manifest that the object of the parties concerned in entering into the alleged compromise was to prevent a recovery against the appellants, D. C. Heath & Co., and their surety, in the action on the same bond then pending in the Mason circuit court; it evidently being their opinion that the court in which suit was first brought would alone have jurisdiction to render judgment for the penalty named in the bond. Doubtless the procedure contemplated was to rely upon the judgment of $10,000 recovered in the Mercer circuit court as a bar to any recovery on the bond in the action pending in the Mason circuit court; and, to make the plea in bar or abatement more effective, the entry of satisfaction appearing upon the judgment of the Mercer circuit court was made to convince the Mason circuit court that it had been fully paid, though in fact it was wholly unpaid. It is insisted for appellees that appellants, D. C. Heath & Co., by inducing Walker, the county superintendent, to accept the note of a third party for the $2,200 that officer consented to receive in satisfaction of the judgment, and providing therein that, although payable one year after date, it was not in fact to be paid until

the validity of the judgment of the Mercer circuit court should be determined by the Court of Appeals, intended to put it out of his power to enforce its collection. As the appellants named did not ask a new trial in the Mercer circuit court, or appeal from the judgment of that court, the only way to test the validity of the judgment of that court was through a ruling of the Mason circuit court growing out of an effort to use it therein to defeat a recovery in the action pending in that court against the appellants, D. C. Heath & Co., and B. F. Graziani. The acceptance by that court of the judgment as a bar to a recovery in the action before it, or its refusal to so accept it, would have entitled the party prejudiced by the ruling to have this court, upon appeal, review the ruling complained of, and thereby decide whether the judgment is a valid or invalid one.

A novel disposition seems to have been made of the $2,200 note accepted by the county superintendent in satisfaction of the $10,000 judgment. It was to "remain in the possession of C. E. Rankin as attorney for plaintiffs * * * until the sum for which said note is executed shall be paid according to the terms and tenor of this agreement." This singular arrangement with respect to the custody of the note is a matter of more than ordinary significance, in view of the further fact that it was not to be paid until the Court of Appeals rendered a decision in a case that might never get before it; there being nothing in the note or terms of compromise that compelled appellant to test the validity of the judgment of $10,000 rendered by the Mercer circuit court. In view of this situation, it may well be asked, when could the payment of the note be enforced? Was it due at the end of the year succeeding its date, at

the expiration of such a time as appellants might reasonably have required to test by appeal the validity of the judgment of the Mercer circuit court, or will it become due at all? It might be said that an answer is furnished by the opinion of this court in B. F. Johnson v. Commonwealth, 97 S. W. 749, 30 Ky. Law Rep. 148, in which it was held that, where there is an action pending in each of two counties for the same breach of a bond such as appellants executed, the pendency of the one first brought may be pleaded in abatement of the second; but, where the second is based upon a different breach from that set up in the first action, the pendency of the first action cannot be pleaded in abatement. Yet, as there can be only one recovery had in either action, this fact may be pleaded in abatement in the other. While it cannot be said that the opinion, supra, determined the validity of the judgment of the Mercer circuit court, it does decide that, if valid, it would support a plea in abatement in the action in the Mason circuit court, and thereby defeat a recovery against appellants in that court. But the ruling of this court in Johnson v. Comth., supra, can not operate to deprive appellants of the right of appeal in the case in the Mason circuit court involving the same questions determined by the opinion in Johnson v. Commonwealth, however much the Court of Appeals might, in passing upon such appeal, feel itself bound to follow the opinion in that case. In other words, the mere right of appeal may exist independently of the question of whether the appellant will be entitled to the relief sought thereby. It does not appear, however, in the case before us, whether an appeal was ever taken by appellants to test the validity of the judgment of the Mason circuit court, but does appear

that they are resisting a recovery in the suit brought by the present county superintendent upon the $2,200 note alleged to have been executed in satisfaction of the judgment. Appellants' position seems to us strangely inconsistent. After, as they claim, compromising and settling with the note of a third party of $2,200, a judgment they owed of $10,000, and using that judgment at its face value to defeat a recovery against them in an action in the Mason circuit court, appellants seem to be assisting the obligor in the $2,200 note in resisting its payment upon the ground that the validity of the judgment, in satisfaction of which it was given, has not been determined by the Court of Appeals, when they, who alone could have tested its validity, have failed to take the matter by appeal to that court.

Being inclined to rest our decision of this case upon the grounds adopted by the circuit court in its opinion, we need not declare collusive and fraudulent the alleged compromise of the judgment rendered by the Mercer circuit court in the former action, or its attempted ratification by the subsequent bringing of the suit upon the $2,200 note given in satisfaction of the judgment. Back of these questions lies another of greater importance, viz: Was the act of Walker, the former superintendent, in accepting the note of $2,200 in compromise and satisfaction of the $10,000 judgment against appellants, D. C. Heath & Co. and B. F. Graziani, ultra vires and in consequence thereof void? If so, it would seem to follow that his successor, the present superintendent, was without authority to dismiss the action brought by her to obtain a cancellation of the record entry showing the satisfaction of the judgment, and also that the action

brought by her to recover upon the $2,200 note was
equally unauthorized.                    ,

Chapter 113, sections 4363, 4553, inclusive, Ky.
Stats, 1903, known as the "school statute," contains
the law applicable to this case. · Section 4422, as
amended by the act of March, 1902, creates a county
board of examiners for each county of the State, to
consist of the county superintendent and two other
members of his appointment.  Section 4423 requires
this board to adopt a list· of text-books for use in
the common schools, under certain restrictions there-
in indicated.  Section 4424 prevents a seller of text-
books for use in the common schools of this State,
whether a corporation or individual, from entering
the market in the State until such seller shall have
executed bond before the State board of education in
the sum of $10,000, with good security resident in
the State, conditioned that such text-books as are
sold for use in the common schools in any county shall
not exceed the lowest price at which the same books
are sold by such seller in any other State or section
of the country, or exceed the price fixed and filed in
the office of the Superintendent of Public Instruction
at Frankfort.  The bond thus provided for was, as
before stated, duly executed by the appellant D. C.
Heath & Co., the appellant B. F. Graziani becoming
surety thereon, following which a certified copy of
the bond was forwarded by the State Superintendent
of Public Instruction to the county superintendent of
Mercer county, as required by section 4424 of the
Kentucky Statutes of 1903, supra, and this is the
bond for a breach of which the judgment of $10,000,
previously mentioned, was recovered against appel-
lants.  In the event of a violation by the principal
of the provisions of the bond, section 4423, Ky. St.

1903, provides that the county superintendent "shall bring suit in the circuit court of his county for a forfeiture of said bond; and any money recovered therein, after paying the costs of proceedings, shall be covered into the school fund of the county."

The only authority conferred by this section upon the county superintendent is to bring suit for a forfeiture of the bond. While the statute does not expressly so declare, it seems to us to be its meaning that he shall collect the bond, and, when collected, pay it into the school fund of the county. In other words, the Commonwealth, to which the bond is payable, constitutes the county superintendent its agent to sue upon and collect the bond; the damages being liquidated and fixed by the terms of the bond itself at $10,000. If a recovery results at all from the institution of the action on the bond, it must be for $10,000. It cannot exceed or fall below that sum. It is a cardinal principle of the law of agency that even an attorney at law, acting under employment to bring suit and prosecute and collect a claim, cannot, either before or after judgment, in the absence of special authority from the client, compromise or settle the claim for less than the full amount thereof; nor can he release a judgment by accepting something not sued for in satisfaction thereof. O'Reiley v. Call, 7 Ky. Law Rep. 516; Harrow v. Farrow, 46 Ky. 126, 46 Am. Dec. 60; Smith v. Dixon, 60 Ky. 438; Cox v. Adelsdorf, 51 S. W. 616, 21 Ky. Law Rep. 421; Benedict v. Wilhoite, 80 S. W. 1155, 26 Ky. Law Rep. 178. Manifestly the authority conferred upon the county superintendent by the statute cannot be broader than if it had been conferred upon the Attorney General or the Commonwealth's or county attorney, neither of whom, under the mere power to

sue upon and collect the bond, could have accepted
in satisfaction of a judgment recovered on the bond
a less sum than the whole thereof, or a note for even
the full amount of such judgment, in lieu of money.
This case is not one in which appellants can right-
fully claim that the act of the former county super-
intendent, Walker, in accepting the $2,200 note in
satisfaction of the judgment, or those of the present
superintendent in attempting to dismiss the action
and to ratify her predecessor's acceptance of the
note by suing upon it herself, were within the appar-
ent scope of their power as agents, or that the prin-
cipal, the State, had recognized similar acts per-
formed in its name by the agents; for the only pow-
ers possessed by either agent are such as were con-
ferred by the statute, with which appellants must be
presumed to have been familiar at the time of all
their transactions with the agents, and that the au-
thority conferred by the statute is specific, in that it
directs the county superintendent, in the event of a
breach of the bond, to bring suit for a forfeiture, and
provides that the money recovered thereon shall,
after paying the costs of the action, be covered (i. e.,
paid) into the school fund of the county. The power
granted the county superintendent is restricted by
the language of the statute to the particular acts it
requires him to perform, and cannot be enlarged to
embrace such as were attempted in the matter of the
alleged compromise of the $10,000 judgment, the
bringing of a suit on the $2,200 note accepted in pur-
suance of such compromise, or the attempted dismis-
sal of the action. We therefore concur in the con-
clusion reached by the circuit court that these several
acts on the part of the county superintendents were
unauthorized, and therefore void. As well said in

Long, Treasurer v. McDowell, 107 Ky. 14, 52 S. W. 812, 21 Ky. Law Rep. 605: "There is no better settled principle of law than that the State cannot be estopped by the unauthorized acts of its officers."

It is contended by appellants that the Commonwealth is only a nominal party to the action; that, by reason of the provisions of the statute requiring the county superintendent to institute the action, he is the real party in interest; and that the power given him to sue carries with it the power to dismiss the action at any stage of the proceedings. We think it clear that, before the adoption of our present Code, an action upon a bond like that of appellants was required to be brought in the name of the Commonwealth alone, though some officer might be authorized to institute it. But section 21, Civ. Code Prac., provides that a person expressly authorized to do so may bring an action without joining with him the person for whose benefit it is brought. As the statute makes it the duty of a county superintendent to bring suit upon the bond, perhaps the bringing of the suit in his name alone would not be held sufficient to justify its dismissal. In at least one such action (American Book Company v. Wells, 83 S. W. 622, 26 Ky. Law Rep. 1159) the county superintendent seems to have been the only plaintiff, though it does not appear that objection was made to the petition on account of defect of parties. However, section 21, supra, is but an enlargement of section 18, Civ. Code Prac., which requires that every action must be maintained in the name of the real party in interest. The bond was taken to the Commonwealth, and it was the party injured by its breach. Therefore the Commonwealth is the real party in interest; the superintendent being the nominal party. The orig-

inal suit, in which the judgment of $10,000 was re-
covered against appellants, was brought in the name
of the Commonwealth, as well as that of the county
superintendent; and the present action was insti-
tuted in the same way. If the county superintendent
in either case had refused to institute the action, it
might have been brought in the name of the Com-
monwealth by the State board of education, or in
the name of the Commonwealth by the trustees of
any school district of Mercer county, or in the name
of the Commonwealth alone for the benefit of the
common schools of Mercer county, as they are the
beneficiaries.

It is the general doctrine in this State that, where
a bond is taken in the name of the Commonwealth
for the benefit of a person or class of persons, an
action may be brought by such person or persons in
the name of the Commonwealth for his or their use
and benefit. So, where the rights of a corporation are
involved and the directors refuse to sue, a stock-
holder may sue for the corporation or for himself
and associates and join the corporation as a party
plaintiff or defendant. Such is likewise the rule of
practice where the personal representative of an
estate refuses to sue. In such case suit may be
brought by the distributee, joining the personal rep-
resentative as defendant. Commonwealth v. Tilton,
48 S. W. 148, 20 Ky. Law Rep. 1056; Shawhan v.
Zinn, 79 Ky. 300, 3 Ky. Law Rep. 12; McChord v.
Fisher (Ky.) 13 B. Mon. 194. But this matter seems
to have been put at rest by this court in the case of
B. F. Johnson Co. v. Commonwealth, supra, in the
opinion of which it is said: "But, stripped of all
form, the action is an action by the Commonwealth
on the bond executed to it; the county superintendent

being simply the officer of the State authorized to institute the suit for it.'' This being true, when the present county superintendent entered her motion to dismiss the action, the county attorney had the right, and it was his duty, to object to and resist the granting of the motion. Had the county superintendent withdrawn from the action after the refusal of the court to dismiss it, such action upon her part could have had no effect upon the case. In Wright v. Baker, 94 Ky. 343, 22 S. W. 335, 15 Ky. Law Rep. 109, which was a suit brought in behalf of a school district, two of the trustees attempted to withdraw from the suit, with respect to which this court said: ''The effort by the two Bentleys to withdraw their names as plaintiffs in the action did not affect the proceedings.''

Section 130, Ky. St. 1903, relating to the duty of county attorneys, provides: ''He shall investigate and inquire into the condition of all unsatisfied judgments in his county in favor of the Commonwealth, and take all necessary steps, by motion, action or otherwise, to collect or cause the same to be collected and paid into the State treasury.'' Under the authority here given the county attorney had the right to take such action as would compel the payment by appellants of the judgment of $10,000 rendered against them by the Mercer circuit court, and it is further his duty, upon collecting the judgment, to see that it is ''covered into the school fund of the county,'' instead of being paid into the State treasury; such disposition of it being required by section 4423, Ky. St. 1903. In the absence of statutory authority to that effect, we cannot afford to say that county school superintendents may exercise such powers as were exercised by the two super-

intendents of Mercer county in the matter of the attempted compromise of the judgment of the Mercer circuit court, as to do so would tend to destroy in large measure the salutary aim of the statute with reference to the sale of schoolbooks in the State, which was and is to prevent extortion and fraud upon the part of those permitted to supply its schools with these instruments for the mental and moral advancement of the children within its bounds.

Finding no error in the rulings of the circuit court, the judgment is affirmed.

Petition for rehearing by appellant overruled.