CASE 97.—ACTIONS BETWEEN THE MERCER COUNTY BOARD OF EDUCATION AND W. I. ALLIN AND OTHERS.—Oct. 13, 1909.

## Board of Ed. of Mercer County v. Allin—Same v. Commonwealth

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

From the judgment in each case the Board appeals. —Reversed.

1. Attorney and Client—Payment of Money Collected—Power of Court—Judgment.—Under the express provisions of Civ. Code Practice, Sec. 444, a judgment may be obtained on motion by a client against his attorney for money collected or property received.

2. Attorney and Client—School Fund—Collection.—Under Acts 1908, page 133, chapter 56 (Kentucky Statutes, 1909, section 4426a), vesting the title to all school property, excepting that given to those districts not embraced by the act, in the county board of education, any money due under a judgment recovered by the commonwealth in an action to recover into the common school fund of a county money claimed to be due for violation of a bond belonged to the county board of education, which became the real party in interest and the real client of the county attorney, who was by the judgment directed to collect the same; and hence the board was the proper party to ask a rule requiring the county attorney to pay over the money.

3. Parties—Intervention—Necessary Parties.—Civ. Code Prac. Sec. 23, provides that any person may be made a defendant who claims an interest in the controversy adverse to plaintiff, or who is necessary to a complete determination of the action. Section 28 provides that the court may determine any controversy between parties before it, if it can do so

without prejudice to others; but, if not, it must require such other persons to be made parties. The commonwealth recovered a judgment for the benefit of the common schools of a county, which judgment directed the county attorney to collect the amount thereof and see that it was converted into the school fund. Thereafter the county attorney filed a petition in the suit asking the court's advice as to the distribution of the amount remaining in his hands after payment of costs, expenses, etc. Held that, the county attorney having made himself a party to the action and the county board of education being entitled under the law to whatever was due, it should have been allowed on petition to become a party to the action, and to litigate the questions between it and the county attorney as to the amount due.

E. H. GAITHER, TOM B. McGREGOR and J. MORGAN CHINN for appellant.

### AUTHORITIES CITED.

D. C. Heath & Co. v. Commonwealth of Kentucky, 113 S. W. 69; Kentucky Statutes, Section 1624; Shean v. Cunningham, 69 Ky. 124; Civil Code, Section 444; Kentucky Statutes (Carroll's last Edition), Section 4426a; Civil Code, Section 23; Civil Code, Section 28.

W. I. ALLIN, County Attorney, and B. F. ROACH for appellee.

### AUTHORITIES CITED.

16 Cyc. 1076; Rogers v. Slayton, 113 S. W. 511; Jackson v. Motley, 2nd Ky. 133; 3 J. J. Marshall 378; D. C. Heath & Co. v. Commonwealth, 113 S. W. 73; Code, Carroll's, 444; Carroll's Ky. Statutes, 1909, 4462a; Legislative Acts, 1908, pages 140-141.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

These two appeals involve the same subject, and the parties thereto have agreed that they shall be considered and heard together. In 1907, in an action of Commonwealth of Kentucky, by Ora L. Adams, County Superintendent of Common Schools of Mercer County, v. D. C. Heath & Co., a judgment was rendered setting aside a former judgment against D. C. Heath & Co., and requiring that company to pay to

the common schools of Mercer county the sum of $10,-
000, with interest.   In December, 1908, D. C. Heath
& Co. paid to W. I. Allin, county attorney, something
over $12,000.   This payment was made under the
judgment referred to, which directed Allin to collect
the judgment and see that it was converted into the
school fund of Mercer county.   On January 29, 1909,
appellant County Board of Education for Mercer
County served notice upon W. I. Allin, county attor-
ney, that on the 9th day of February, 1909, it would
move the circuit court for a judgment against him
for the sum then held by him.   In the notice the facts
upon which appellant relies were fully set out, and on
the day designated a motion was made for a rule
requiring the payment of the money to appellant.
Upon objection by the county attorney the court re-
fused to grant the rule.   From the order to this effect,
the County Board of Education prosecutes the first
appeal herein.

Some of the courts hold that, even in the absence of
a statute, they have the power to compel an attorney
to pay over to a client money collected by him.   This
summary jurisdiction to deal with such matters is
found in the disciplinary power which the court has
over attorneys as officers of the court.   Anderson v.
Bosworth, 15 R. I. 443, 8 Atl. 339, 2 Am. St. Rep. 910;
Lynde v. Lynde, 64 N. J. Eq. 736, 52 Atl. 694, 58 L.
R. A. 474, 97 Am. St. Rep. 962.

In this state express authority is given by the
Civil Code of Practice for such proceeding.   Section
444 is as follows: "A judgment may be obtained, on
motion, by a surety against his principal or co-surety
for money paid; by a client against his attorney for
money   collected   or   property   received;   by   a
party,   or   officer   against   a   surety   for   costs;

and by a party against an officer for money collected or property received, and for the damages which such party is entitled to recover; and in all other cases specially authorized by statute; and the service of the notice shall be regarded as the commencement of the proceeding.''

But it is insisted by appellee that the above provision has no application to this case, for the simple reason that the County Board of Education is in no sense a client of appellee. The original action of Commonwealth, etc., v. D. C. Heath & Co., was brought by the commonwealth for the purpose of recovering into the common school fund of Mercer county the amount claimed to be due for violation of a bond executed by D. C. Heath & Co. to the commonwealth. The proceeding, while in the name of the commonwealth, was for the benefit of the common schools of the county. By virtue of the act of 1908 (Acts 1908, p. 133, c. 56), being section 4426a, Ky. St., the title to all school property, with the exception of that given to those districts not embraced by the provisions of the act, is vested in the county board of education. Thus the handling of the county school property and fund is placed in the county board of education, instead of the county school superintendent. Any money due under the original judgment is, therefore, due to the county board of education. By operation of law it now has become the real party in interest, and therefore appellee's real client. Having the right to whatever money is coming to the common school fund, it should not be denied the right to proceed by rule to have the money turned over to it. While not appellee's client in name, it is appellee's client in every substantial respect. We therefore conclude that appellant proceeded properly in asking

a rule against appellee, and that the circuit court
erred in refusing to grant the rule.

On February 2, 1909, appellee W. I. Allin, who was
county attorney, filed a petition in the original suit
of Commonwealth v. D. C. Heath & Co., asking the
advice of the court as to the distribution of the sum
of about $5,000, which he claims was all that remained
in his hands after the payment of the costs and ex-
penses of the original litigation and after certain pay-
ments were made to certain school districts.  On the
12th day of February, and after the court had refused
the rule asked for in the action above considered, ap-
pellant filed a petition to be made a party to the suit
of the Commonwealth, by, etc., v. D. C. Heath & Co.
In this petition it alleged that it has charge and con-
trol of the schools of Mercer county, and that it is
authorized and empowered to collect and disburse all
money for the benefit of said schools.  It also charges
that appellee Allin, as county attorney, holds the sum
of $12,133, collected by him as county attorney from
D. C. Heath & Co., for the use and benefit of the com-
mon schools of Mercer county; that he has held said
money since the 12th day of December, 1908, and
failed and refused to pay it over to the petitioner. It
asked judgment against Allin for the total amount
received by him.  To the filing of this petition Allin
objected.  The objection was sustained by the court,
and the petition was not allowed to be filed.  From
the order refusing to permit appellant's petition to
be filed, and appellant to be made a party to the pro-
ceeding, the second appeal is prosecuted.

It is insisted by appellee that the action of the trial
court was proper, because appellant had no right to
come into the action and ask judgment over against
him who was not a party to the proceeding.  This po-
sition is not sound, for the reason that Allin had al-

ready filed an original petition in the above action, in which he sought the advice of the court as to the distribution of the funds in his hands. He thus made himself a party to the action. Section 23, Civ. Code Prac., provides: "Any person may be made a defendant who claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved in the action." Sec. 28 of the Code is as follows: "The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice." Here, then, we have a case where the county attorney voluntarily made himself a party to the proceeding by his original petition. Thereafter he would necessarily be bound by any orders which might be entered in that action. As appellant's petition to be made a party, and that it be taken as an answer and counterclaim against appellee, showed that there was a question as to the amount of funds in his hands due the common school fund, and as the law requires that whatever is due should be paid to the county board of education, the circuit court should have allowed appellant to be made a party to the action, so that the questions between it and the county attorney could be properly presented and adjudicated by the court. Having a right to whatever was due the common schools, the county board of education also had the right to contest the amount with appellee. As appellant was compelled to take this proceeding because of the failure of the court to grant the rule in the first proceeding, we are of the opinion that the court erred in refusing to permit appellant to be made a party attorney by appropriate proceedings.

While, in our opinion, both methods of procedure adopted by appellant are correct, it will not be permitted to proceed in both ways upon a return of these cases, but will be required to elect which method of procedure it will adopt. Upon the merits of the contest between appellant and appellee we, of course, express no opinion. We only decide that appellant has a right to have the questions adjudicated in one or the other of the actions herein considered. When appellant elects, the appellee may, of course, present such defense as he may have.

The judgment in each case is reversed, and cause remanded for proceedings consistent with this opinion.