CASE 21.—ACTION BY G. M. MONEY, SUPT. OF SCHOOLS,
        AGAINST BEARD  &  MARSHALL.—December 17,
        1909.

## Money, Supt. of Schools v. Beard & Marshall

Appeal from Shelby Circuit Court.

C. C. MARSHALL, Circuit Judge.

Judgment for  defendants, plaintiff appeals.—Re-
versed.

1.   District and Prosecuting Attorneys—Compensation—Addition-
     al Compensation—Right—Prosecuting Actions for County.—
     Ky. St. Sec. 127 (Russell's St. Sec. 4750), requires a county
     attorney to attend to the prosecution of all cases in his coun-
     ty, in which the commonwealth or county is interested, and,
     when required, to institute and conduct all actions in which
     the county is interested, and requires him to attend the cir-
     cuit courts, and aid the commonwealth's attorney in all pros-
     ecutions therein, and in the absence of a commonwealth's at-
     torney to attend to all commonwealth's business.  Const. Sec.
     161, provides that the compensation of county officers shall
     not be changed during their term of office.  A county school
     superintendent contracted with the county attorney and an-
     other attorney to sue a publishing company for breach of
     bond, given under sections 4424, 4423, Ky. St. 1903, as a con-
     dition precedent to the adoption of its publications in the
     county schools; the contract providing that the attorneys
     should receive one-half of the recovery as compensation for
     their services.  A recovery was had, but the county attorney's
     term of office had expired when the suit was prosecuted on
     appeal.  Held, that the county attorney was bound to prose-
     cute civil actions in which the county was interested, as

well as criminal actions on behalf of the commonwealth, without additional compensation, and the contract for compensation was unenforceable so far as his services were performed while he was county attorney, but that he was entitled to reasonable remuneration for services after his term expired.

2. Schools and School Districts—Officers—Authority of County Superintendent—Employment of Counsel.—The county superintendent could, in the exercise of reasonable discretion, employ additional counsel to assist the county attorney in prosecuting the action, if their services were reasonably necessary, and pay them a reasonable fee therefor.

CHAS. H. MORRIS and PICKETT & BARRICKSON for appellant.

GILBERT & GILBERT, J. C. BECKHAM & SON, P. J. BEARD and BEARD & MARSHALL for appellees.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

R. A. Burton, a former superintendent of the common schools of Shelby county, entered into a written contract with Beard and Marshall, a firm of lawyers, by which he agreed to pay them as a fee a sum equal to 50 per cent. of whatever sums might be collected by two contemplated lawsuits on the two separate bonds that had been executed by certain book publishers as required by section 4424, Ky. St. 1903. This section provides, among other things, as follows: "Whenever any publisher or person selling text-books, who desires to have his text-books adopted in the common schools in any county in this state, shall file in the office of the Superintendent of Public Instruction a sample of each of the text-books intended for adoption, together with the lowest retail list price at which the same shall be sold to the patrons and pupils of any county in which the same may be adopted, and shall execute bond before the

ex officio members of the State Board of Education
in the sum of ten thousand dollars, with good security
resident in this state, it shall be the duty of the said
Board of Education to accept and file said bond in the
office of the Superintendent of Public Instruction,''
etc. By section 4423, it is provided, among other
things: ''It shall be the duty of the county superin-
tendent to make and keep a record of the adoption
of text-books, and to see that the adopted list of text-
books is established and maintained in all the public
schools in the county; and it shall be the further
duty of the county superintendent to file and keep in
his office the copy of the bond of any publisher or
person selling text-books before the ex officio mem-
bers of the State Board of Education, and forwarded
to him by the Superintendent of Public Instruction;
and when any of the books named in said bond shall
be adopted for use in his county, and there is a
breach of, or a failure to comply with, any of the pro-
visions of the bond in his county by the parties exe-
cuting the same, he shall bring suit in the circuit
court of his county for a forfeiture of said bond, and
any money recovered thereon, after paying the cost
of proceedings, shall be covered into the school fund
of the county.''

The agreement between the supreintendent and the
attorneys is as follows: ''This agreement, made this
January 10, 1904, by and between R. A. Burton, su-
perintendent of common schools of Shelby county,
Kentucky, of the first part, and Beard & Marshall,
attorneys at law, of Shelby county, of the second part,
witnesseth: That said first party has this day em-
ployed second party to prosecute a suit in the Shelby
circuit court and Court of Appeals against Maynard-
Merrill Company and Ginn & Company on their re-

spective bonds executed by them to the common-
wealth of Kentucky to recover damages for the viola-
tion of the terms of their bond; and said second par-
ties are to perform all of said services as attorneys
in bringing and prosecuting said suit, or have same
done, and are to receive as attorneys aforesaid a sum
equal to 50 per cent. of whatever sum may be finally
recovered in each case, and this sum shall be in full
for all their services. They are to charge nothing if
nothing is recovered. [Signed]  R. A. Burton, Supt.
Common Schools, Shelby County.  Beard & Mar-
shall.''

Under this contract the attorneys named therein
brought two suits in the name of the commonwealth,
one against Ginn & Co. and the other against the
Maynard-Merrill Company, to recover the penalty of
$10,000 for alleged breaches of the bonds entered
into by them with the commonwealth. The suit
against the Maynard-Merrill Company was unsuc-
cessful, but in the case of Commonwealth v. Ginn &
Co., a judgment was recovered for the sum of $10,-
000, with interest and costs added, and this sum the
attorneys collected. They paid over to the common-
wealth one-half of the amount collected and retained
50 per cent. as their fee under the contract. In the
meantime R. A. Burton's term of office as superin-
tendent expired, and he was succeeded by the appel-
lant, G. M. Money, who refused to recognize the val-
idity of the contract made by his predecessor, and
instituted this action to recover from the attorneys
the money retained by them as a fee for their ser-
vices. At the time the contract was entered into it
is admitted that C. C. Marshall was holding the office
of county attorney of Shelby county; that pending
the litigation his term of office expired, and he was

succeeded by George Pickett, who in part represents
the appellant in this action. During the time the case
was being prosecuted through the Court of Appeals,
it is conceded that Marshall was not county attorney.
The question arising upon the record under these cir-
cumstances is whether the written contract under
which the appellees hold one-half the sum collected on
the judgment from Ginn & Co. is or is not void.

We are of opinion that it was the duty of C. C.
Marshall as county attorney to prosecute the action
against Ginn & Co. without any additional remuner-
ation to his regular salary as county attorney; and,
this being true, it was not competent for the super-
intendent of county schools to make the contract with
him which is involved herein. Section 127, Ky. St.
(Russell's St. sec. 4750), defines the duties of county
attorneys in this commonwealth as follows: "He
shall attend to the prosecution of all cases in his
county in which the commonwealth or the county is
interested; and, when so directed by the county or
fiscal court, institute or defend, and conduct actions,
motions and proceedings of every description, before
any of the courts of this commonwealth in which the
county is interested, and shall in no instance take a
fee or act as counsel in any case in opposition to the
interests of the county. He shall also attend the cir-
cuit courts held in his county, and aid the common-
wealth's attorney in all prosecutions therein, and in
the absence of an acting commonwealth's attorney,
he shall attend to all commonwealth's business in
said courts."

It is said in the briefs for appellees that the above
section of the statutes relates alone to criminal cases
in which the commonwealth is interested; but this is
not correct. It will be observed that the first part

of the section provides that he (county attorney) shall attend to the prosecution of all cases in his county in which the commonwealth or the county is interested; and by the latter part, it is provided that he shall also attend the circuit courts held in his county and aid the commonwealth's attorney in all prosecutions therein, etc. Clearly the first part of the section applies to civil as well as criminal matters; and the fact that the language is that "he shall attend to the prosecution of all cases in his county in which the commonwealth or the county is interested" of itself shows that civil matters are intended, as the county as such is not interested in criminal matters. The question we have here arose in the case of Coulter, Auditor v. Denny, 67 S. W. 65, 23 Ky. Law Rep. 1619. In that case a county attorney had been employed by the Attorney General to assist an Auditor's agent in a fiscal matter, and afterwards sought by mandamus to require the Auditor to issue a warrant for his pay for this service. Upon appeal we held that, under section 127, Ky. St., it was the duty of the county attorney to attend to this matter because the state was interested in it. In the opinion it is said: "As it was the duty of the Auditor's agent to institute the proceeding against Cecil, and the duty of the county attorney of that county to have prosecuted it, it follows that it was not the duty of the Attorney General under section 113 to represent the commonwealth in the Boyle county court, nor was it one of the actions which he was authorized to institute and employ an attorney to assist in its prosecution under section 114."

In the case of D. C. Heath & Co. v. Commonwealth, 129 Ky. 835, 113 S. W. 69, a county superintendent of schools instituted an action similar to the one in-

volved here, and obtained a judgment for the sum of $10,000. Afterwards he compromised the judgment for $2,200, and took the note of the publishers in payment of the compromise. A subsequent superintendent filed suit to collect the whole judgment, and among other defenses the defendants pleaded the compromise and also the pendency of a suit on the note of $2,200. After the action to enforce the full amount of the judgment had progressed to some extent, the superintendent undertook to dismiss it over the objection of the county attorney, and the circuit judge sustained the county attorney against the superintendent, with the result that the state recovered the full judgment of $10,000. In the opinion delivered in that case we held that the commonwealth was the real party in interest, and that the superintendent was only a nominal party, and that the county attorney had a right to enforce the judgment and to resist the attempts of the superintendent to dismiss the case. The opinion, therefore, settles, conclusively that in an action such as the one we are discussing the commonwealth is the real party in interest, and it is the duty of the county attorney to prosecute such actions; and, this being true, he can not, under section 161 of the Constitution, receive additional salary for discharging the duties imposed upon him by the statute.

It results, therefore, that the written contract by which the county attorney was employed in the action against Ginn & Co. was void. But it does not follow that the other attorneys employed were not entitled to pay for their services, although the county attorney could not be paid for his. We think the superintendent, in the exercise of a reasonable judgment, had

the right to employ additional counsel, if their services were necessary under the exigencies of the case, and to pay them a reasonable fee for their services. Undoubtedly the record shows that the counsel other than the county attorney rendered able and valuable assistance in the prosecution of the case, and the state received the benefit of their labor. They should, therefore, be paid whatever is reasonable for these services. We are also of opinion that C. C. Marshall is entitled to remuneration for his services rendered after his term of office as county attorney expired.

For these reasons, the judgment of the lower court, upholding the validity of the contract between the superintendent and the attorneys, is reversed, with directions that, when the case returns to the circuit court, the pleadings be amended so as to properly present the issues indicated in this opinion.