## Allin, County Attorney v. County Board of Education.

(Decided June 6, 1912.)

Appeal from Mercer Circuit Court.

1.    County Attorney—When Without Authority to Employ Counsel.—
     A County Attorney is without authority to employ counsel to
     assist him to enforce a judgment in favor of the Commonwealth
     on a bond given under the school act by a publisher of school
     text books.

2. Office and Officer—Persons Rendering Service to Officers—Must Take Notice of Limitation of Authority.—The Commonwealth cannot become a debtor by implication, and persons who render services by direction of the officers of the State must take notice of the limitations upon their authority.

B. F. ROACH for appellant.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming on the original and reversing on cross appeal.

Heath & Company, a corporation engaged in selling school books, executed to the Commonwealth in the year 1905, under section 4423, Kentucky Statutes, a bond in the penalty of $10,000. H. H. Walker, the county superintendent of Mercer County, brought a suit in the name of the Commonwealth in the Mercer Circuit Court, to recover the penalty of the bond. On a trial of the case there was a judgment for the plaintiff in the sum of $10,000. On the day after the judgment was rendered, Walker, the superintendent, accepted from Heath & Company in satisfaction of the judgment, a note for $2,200 due twelve months after date and payable upon certain conditions. He then made an entry on the order book of the circuit court, that the judgment was satisfied. In the following January, Walker was succeeded as superintendent by Miss Adams, who began an action to set aside the entry of record showing that the judgment was satisfied. Her attorney in the action was the county attorney. After this action had been pending for some months, she entered a motion to dismiss it but the county attorney objected, and she then brought suit on the note for $2,200. The circuit court entered an order setting aside the entry of satisfaction and Heath & Company appealed to this court which affirmed the judgment. (Heath & Company v. Commonwealth, 129 Ky., 835.) In December, 1908, Heath & Company paid to Allin, the county attorney, the amount of the judgment which was then something over $12,000. On January 29, 1909, the County Board of Education of Mercer County served notice on Allin that on February 9, 1909, it would move the circuit court for a judgment against him for the sum held by him. Upon objection by Allen the circuit court refused to grant the rule, and on appeal to this court the judgment was reversed. (Board of Edu-

cation v. Allin, 134 Ky., 763.) On the return of the case to the circuit court, Allin filed a response which showed, in substance, these facts: After Allin brought the suit to set aside the entry of satisfaction of the judgment and when he was opposed in that suit by the county school superintendent who sought to have the suit dismissed, he employed B. F. Roach, a competent attorney to assist him in the management of the case and agreed to pay him for his services a sum equal to one-half of the amount recovered in the action; Roach prepared the pleadings and assisted in the trial of the case and helped to procure the judgment which resulted in the recovery of $12,000; after Allin collected the amount he paid Roach one-half of the sum collected, and this amount is the thing in controversy here.

The Commonwealth insists that Allin was without authority to employ Roach; that the contract he made with Roach was void; that one-half of the amount recovered was an unreasonable fee; that Roach was entitled to nothing, and if he were entitled to anything he should not have been paid anything like $6,000.

Proof was heard in the circuit court on the question of the reasonableness of the fee, and on this proof the circuit court fixed Roach's fee at $2,500 and entered a judgment against Allin for the remainder of the fund which he had not paid over to the school authorities, he having theretofore made certain payments which were admitted. From this judgment Allin appeals and the Commonwealth prosecutes a cross appeal.

Section 130, Kentucky Statutes, regulating the duties of the county attorney, provides:

"He shall investigate and inquire into the condition of all unsatisfied judgments in his county in favor of the Commonwealth, and take all necessary steps, by motion, action or otherwise, to collect, or cause the same to be collected, and paid into the State treasury."

Under this statute, we held that it was the duty of the county attorney to take the necessary steps to collect the judgment in favor of the Commonwealth, against Heath & Company, and that the county superintendent was without authority to interfere with him in so doing. It will be observed that the statute makes it the duty of the county attorney to take all necessary steps to collect unsatisfied judgments in favor of the Commonwealth, but that it does not authorize him to employ other counsel to assist him. The authority is delegated to him and a

delegated authority cannot be delegated. An officer who is required as an attorney for the Commonwealth to do certain things has no authority to employ other counsel to discharge his duties.

In Spalding v. Thornbury, 128 Ky., 533, and in Terrell v. Trimble County, 128 Ky., 519, we held that the county attorney must discharge all the duties required of him by the statute in consideration of the annual salary provided for him by law and that no compensation may be paid him in addition for the discharge of any of the duties required of him by law, although agreed to by the fiscal court. The same rule was in effect, laid down in Money v. Beard, 136 Ky., 219, which was a suit on a bond like that involved here; the suit having been brought by the county attorney by direction of the school superintendent. In City of Bowling Green v. Gaines, 123 Ky., 562, the city attorney made a contract with Gaines to pay him a fee of 12 1-2 per cent upon all sums he collected and paid into the city treasury in a certain proceeding. Gaines prosecuted the suit and recovered $10,000. The city declined to allow his claim and he brought suit. The circuit court sustained a recovery but on an appeal to this court it was held that the city attorney was without authority to employ counsel for the city and judgment was directed to be entered in favor of the city. We do not see that this case can be distinguished from that, for the county attorney is equally without authority to employ counsel for the Commonwealth. In Slayton v. Rogers, 128 Ky., 106, a recovery was sustained on behalf of the county attorney who had performed services outside of his official duties by the direction of the fiscal court. The same ruling was made in the Terrell case above referred to. In Money v. Beard, supra, the county attorney was held entitled to pay for services rendered by him at the request of the county superintendent, after his term of office expired, but it was held that he could recover nothing for any services rendered during his term of office. It was also held in that case that another attorney employed by the county superintendent was entitled to be paid for his services a reasonable fee, but this ruling is based on the ground that the county superintendent is given authority to employ counsel, as he is directed by the statute to have the action brought, and this by necessary implication authorizes him to take steps necessary to do this.

It is earnestly insisted that here the county superin-

tendent was endeavoring to thwart the county attorney in his efforts to collect the judgment and that the county attorney was left alone to protect the Commonwealth; that the superintendent knew that Roach was performing the services and that as the suit was prosecuted by him to a successful termination he should be paid. There would be great force in this if the claim were asserted against a private individual, but a claim cannot arise against the Commonwealth by implication. All persons who deal with the officers of the Commonwealth must take notice of the limitation placed by law upon their authority. The Commonwealth is never bound by the act of any of its officers beyond the scope of their authority; a person who renders services for the Commonwealth without authority of law must be deemed a volunteer.

In Wilson v. Bradley, Governor, 105 Ky., 62, we said:

"It is well settled that the State is not to be made a debtor by implication. He who knocks at the door of the treasury, demanding the money of the State must show a clear warrant of law for its delivery to him."

There being no warrant of law for Roach's employment he has no claim against the State for his services. The money recovered is the property of the State, and the fact that it is devoted by the State to school purposes does not affect the question.

On the original appeal, the judgment is affirmed; on the cross appeal the judgment is reversed and the case is remanded for a judgment as above indicated with interest from the entry of the motion.