## Letcher Fiscal Court, etc. v. Spangler, et al.

(Decided January 22, 1915.)

### Appeal from Letcher Circuit Court.

Counties—Liability on Implied Contract.—A county is not liable on an implied contract growing out of the fact that it accepted services rendered or materials furnished; it can never become a debtor by implication, but only by virtue of an express contract, made by its authorized officers in the manner and form provided by law.

W. H. BLAIR and HALE & NEWMAN for appellants.

D. D. FIELDS and J. J. WAKEFIELD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is an agreed case between the county of Letcher and its fiscal court on the one hand, and D. B. Spangler and others, who furnished the labor, materials and board for laborers in the construction of a public road in Letcher county, on the other, to determine whether or not the county is liable for the services rendered and materials and board so furnished. On final hearing the circuit court held the county liable, and directed the fiscal court to allow the claims and make the necessary appropriations therefor. From that judgment this appeal is prosecuted.

According to the agreed statement, the facts are as follows:

The Lexington & Eastern Railway Company, in building its line up the North Fork of the Kentucky River in Letcher county, so injured one of the county roads that it was impossible to rebuild it so as to make it satisfactory for public travel. Instead of attempting to put the old road in a satisfactory condition, the fiscal court of the county agreed to accept from the railroad company the sum of $1,500 a mile for the construction of a road by the county in the place of the old road. Thereupon the fiscal court entered into a contract with one C. B. Donaghy, by which the latter agreed to build a new road for $1,200 a mile. Subsequently it appeared that Donaghy was having great difficulty in securing labor and materials and board for the laborers working under him, and thereupon a supplemental contract was entered into by which the amounts due him under his contract should remain in the hands of the fiscal court, and be paid out directly to the laborers, materialmen and boarding house keepers. Donaghy proceeded with the work and incurred obligations in excess of the contract price of $1,200 a mile. The fiscal court paid on the claims all the money on hand to the extent of $1,200 a mile. The claims herein involved are for services, material, etc., in excess of $1,200 a mile.

The only liability incurred by the county was to pay to the laborers, etc., the amount of money in its hands to the extent of $1,200 a mile. It never obligated itself to pay anything in excess of that sum. There being no express contract, the question arises whether or not the county is liable by reason of the implied contract growing out of the fact that it accepted the services rendered or the materials furnished. We deem it unnecessary to enter into a lengthy discussion of this question. It is sufficient to say that it is the settled law of this State that a county, city or other municipality can never become a debtor by implication, but only by virtue of an express contract, made by its authorized officers in the manner and form provided by law. Wortham v. Grayson Co. Court, 13 Bush, 53; Mitchell v. Henry Co., 124 Ky., 833; Floyd Co. v. Allen, 137 Ky., 575; Perry Co. v. Engle, 116 Ky., 594; Murphy v. City of Louisville, 9 Bush, 189; Trustees of Bellevue v. Hohn, 82 Ky., 1; City of Covington v. Hallam & Meyers, 16 Ky. L. R.,

128; City of Owensboro v. Weir, &c., 95 Ky., 195; District of Highlands v. Miche, 32 Ky. L. R., 761, 107 S. W., 26; City of Newport v. Schoolfield, 142 Ky., 287; City of Louisville v. Parsons, 150 Ky., 420; City of Bowling Green v. Gaines, 123 Ky., 562; Craycraft, &c. v. Selvage, &c., 10 Bush, 696; Allen v. Co. Board of Education, 148 Ky., 746; Grinstead v. Monroe Co., 156 Ky., 296; Rowe v. Alexander, Co. Atty., 156 Ky., 507; Worrell Mfg. Co. v. City of Ashland, 159 Ky., 656. It follows that the claimants are not entitled to recover.

Judgment reversed and cause remanded with directions to enter judgment in conformity to this opinion.