Adam Andrew SPRINGER, Appellant,

v.

BULLITT COUNTY BOARD OF EDU-
CATION and Dr. Michael Eberbaugh,
Superintendent, Appellees.

No. 2005–CA–001905–MR.

Court of Appeals of Kentucky.

June 23, 2006.

John Frith Stewart, Stephen C. Emery,
Segal, Stewart, Cutler, Lindsay, Janes &
Berry, PLLC, Louisville, KY, for appel-
lant.

Eric G. Farris, Emily Korfhage Mon-
arch, Shepherdsville, KY, for appellees.

Before JOHNSON and TAYLOR,
Judges; HUDDLESTON, Senior Judge.[1]

*OPINION*

HUDDLESTON, Senior Judge.

Adam Andrew Springer appeals from a
Bullitt Circuit Court summary judgment in

---

1. Senior Judge Joseph R. Huddleston sitting
as Special Judge by assignment of the Chief
Justice pursuant to Section 110(5)(b) of the
Kentucky Constitution and KRS 21.580.

favor of his former employer, the Bullitt County Board of Education and its Superintendent, Dr. Michael Eberbaugh.

This litigation arose over a salary dispute in the 2000–2001 school year. Springer had been employed by the Board as a substitute teacher during the previous school year, 1999–2000. On July 31, 2000, Springer submitted an application for an emergency-status teaching certificate and began the school year as a substitute mathematics teacher at Bullitt Central High School. Dr. Eberbaugh signed Springer's emergency certification application on September 20, 2000, and the certification became official on September 25, 2000. Springer's salary was increased to the certified teacher's pay grade on September 20.

Springer filed suit against the Board and Dr. Eberbaugh alleging he was owed $2,159.00 of retroactive pay at the certified teacher's salary for twenty-two days he taught as a substitute before he received certification. Springer relied on an alleged promise by the principal of Bullitt Central High School that he would be paid retroactively once the certification was approved. On cross-motions for summary judgment, the circuit court granted summary judgment in favor of the Board and Dr. Eberbaugh, finding that the promise of the school principal was not binding upon the Board.

On appeal, Springer contends that the circuit court erred when it granted summary judgment in favor of the Board and Dr. Eberbaugh. Springer claims questions of fact exist concerning contract interpretation and whether he detrimentally relied on the principal's promise.

Upon review of a summary judgment, we consider whether there is a genuine issue as to any material fact and, if not, whether the moving party is entitled to a judgment as a matter of law.[2] "Only when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor should the motion for summary judgment be granted."[3]

Springer first claims summary judgment was erroneous because an issue of fact exists as to the interpretation of the employment contract. We disagree.

■ Pursuant to Kentucky Revised Statutes (KRS) 161.730,[4] Springer signed a written "Limited Contract of Employment" on September 20, 2000. A limited contract is defined as "a contract for the employment of a teacher for a term of one (1) year only or for that portion of the school year that remains at the time of employment."[5] Furthermore, KRS 161.020 provides that

(1) No person shall be eligible to hold the position of superintendent, principal, teacher, supervisor, director of pupil personnel, or other public school position for which certificates may be issued, or receive salary for services rendered in the position, unless he or she holds a certificate of legal qualifications for the position, issued by the Education Professional Standards Board.

(2) No person shall enter upon the duties of a position requiring certification qualifications until his or her certifi-

---

2. Ky. R. of Civ. Proc. (CR) 56.03; *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996).

3. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky.1991).

4. "Each local district shall enter into written contracts, either limited or continuing, for the employment of all teachers."

5. Ky.Rev.Stat. (KRS) 161.720(3).

cate has been filed or credentials registered with the local district employer.

 According to this statute, Springer was not considered a "teacher" until his certification credentials were finalized on September 25.[6] Likewise, at the time Springer signed the limited contract, it became effective from September 20 through the remainder of the school year.

 Springer next claims summary judgment was erroneous because an issue of fact exists as to whether he was promised retroactive pay. On this issue the circuit court found that the principal lacked authority to make a binding promise on behalf of the Board.

We agree with the circuit court. "It is well settled that the state is not to be made a debtor by implication. He who knocks at the door of the treasury demanding the money of the state must show a clear warrant of law for its delivery to him."[7] Indeed, KRS 160.380 provides that

> (2)(a) All appointments, promotions, and transfers of principals, supervisors, teachers, and other public school employees shall be made only by the superintendent of schools, who shall notify the board of the action taken. All employees of the local district shall have the qualifications prescribed by law and by the administrative regulations of the Kentucky Board of Education and of the employing board....

Accordingly, only Dr. Eberbaugh, as Superintendent, had the authority to enter into an employment agreement with Springer.

---

**6.** Both parties note that Springer was paid a certified teacher's salary starting September 20, 2000, when the contract was signed, even though his certification from the Kentucky

Springer was not entitled to judgment as a matter of law, but the Board and Dr. Eberbaugh were. Consequently, the summary judgment in favor of the Board and Dr. Eberbaugh is affirmed.

ALL CONCUR.

---

Education Professional Standards Board was not official until September 25, 2000.

**7.** *Allin v. County Board of Edu.,* 148 Ky. 746, 147 S.W. 920, 922 (1912).