# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1884.

CASE 1—CORPORATIONS—MARCH 8,1884.

## Trustees of Belleview v. Hohn, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

Appellants, trustees of Belleview, made a contract with appellees for the improvement of certain streets in that town. The latter agreed that, in any event, they would not look to the town for compensation. It. was afterwards decided that appellants had no power to make such a contract, and that the lot owners were not liable to pay for the work.

*Held*—

1. There is no implied promise on the part of appellants to pay for the work, upon the ground that the lot owners never were liable.
2. If the town is to be made liable by reason of its *inherent* power to improve streets, such power must exist with reference to all improvements for its benefit.
3. Corporations can not be held liable upon implied promises by reason of benefits received.
4. Facts must be averred showing that the ordinance was made by appellants in conformity with their charter.

T. P. McKIBBEN AND NELSON & WASHINGTON FOR APPELLANTS.
No brief.

CRAWFORD & DUCKER FOR APPELLEES.
No brief.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action is based on a written contract, alleged to have been made with the trustees of the town of Belleview and the appellees, for the improvement of certain streets within that town.

By the terms of the contract, the appellees agreed and bound themselves not to look to the town, *in any event*, for the payment of the money for the work to be performed, and recovered, as we infer in the court below, by reason of the averment in their petition or reply that the contract was entered into with the express understanding that the appellants, the trustees of the town, would take such steps as would make the property holders liable. By the original contract, they were to look alone to the abutting property holders for their pay, and not to the defendants. It is also alleged that the town received the work and must therefore pay for it, as the owners of the abutting property were not responsible.

In a proceeding heretofore in this court in the case of Doyle and others, against the trustees of the town, this court held that the trustees had no power to cause the improvements to be made at the cost of the owners of the adjacent property, and that the proceedings by the trustees to subject such property under special averments made for that purpose, were null and void.

The appellees, who performed the work, are now insisting upon their right to recover of the city, because the trustees had no authority to make such a contract. The doctrine recognized in the case of Murphy v. the City of Louisville, 9 Bush, which follows all the modern authorities in regard to contracts entered into by municipal corporations, must be regarded as decisive of this case. "It is a fundamental principle," says Judge Dillon, "that all persons contracting with a municipal corporation must, at their peril, inquire into the power of the corporation, or its officers, to make contracts.

Those dealing with an agent of the corporation must know the nature and extent of his authority." (1 Dillon on Mun. Cor., sec. 372.)

In Murphy against the City of Louisville, the same rule is laid down, and in that case it is further held "when one has made a valid and binding contract with a corporation, through its agents, and has suffered loss by the neglect of the corporation to do some act or discharge some duty with reference to the contract, of which the contracting party is not required to take notice, the corporation is liable." The appellees knew, or must, as a matter of law, be presumed to have known, that appellant, by its agents, could make no contract by which the lot owners could be made responsible ; and, again, there is no allegation in any pleading showing what the requirements of the charter of the town are, touching the improvement of streets, or that an ordinance was passed in accordance with the provisions of the charter. If an ordinance was passed authorizing improvements, it must be shown by specified averments that, in the exercise of the power, the terms of the charter were followed. In order for the court to know that an ordinance was properly passed, it must appear that it was in pursuance of the charter, and to do this the facts must be stated.

The contract was void so far as it attempted to make the lot owners responsible, and there is no implied promise by the city to pay, because the lot owners were never bound—this fact appellees knew when they made the contract. That contract is in writing, and by its terms the appellant, the town, is in no event to become responsible. Neither fraud nor mistake are alleged, and

if such an averment had been made, it can afford no relief as against the appellant.

If the reception of work done under a void contract, or its ratification by the town, makes it responsible, then the provisions of its charter may be disregarded in every instance where the city has derived benefits. from improvements made within its boundary, although its authorized agents may have failed when making the contract, or passing the ordinance, to comply with any of the requirements of the charter. If the town is made responsible by reason of its *inherent* power to improve or make streets, then it follows that such a power must exist with reference to all improvements. conducive to the welfare of the city and the necessities of those living within the corporate limits. The duties and powers of municipal corporations are prescribed by statute, and to make them liable, like natural persons, would be to license those who are invested with corporate control to place onerous burdens upon the inhabitants in the way of taxation and otherwise, regardless of the powers and restrictions found in the charter, and by which alone the rights of the corporation must be determined.

Courts have found it necessary to execute the powers expressly granted, and to refuse to make corporations liable upon implied promises by reason of benefits received. This is done for the protection of the inhabitants of the corporation, and because the only power the corporation has is from the law creating it, and instead of recognizing a more liberal rule, the courts are inclined to hold corporations and their agents within the letter of their grant. We think, upon the pleadings,

the appellants were entitled to a judgment. While it may be that the town ought to pay this debt, the same argument would apply to every case made by agents of a corporation, although they have exceeded their authority.

Judgment reversed and cause remanded for proceedings consistent with this opinion.