## Cohen v. City of Henderson.

(Decided December 20, 1918.)

## Appeal from Henderson Circuit Court.

1. Municipal Corporations—Street Improvements—Contract for.— As a general rule, a municipal corporation, subject to constitutional restrictions, may do anything, in the way of street improvements, which its charter or other statutes authorizes it to do, but, in contracting for such work, it is limited by the terms of the statutes, under which it proceeds, and the contract must conform to the statute which authorizes the work to be done.

2. Municipal Corporations—Street Improvements.—When a statutory provision prohibits a municipal corporation from becoming liable for the costs of street improvements, it can not be made liable contrary to the statute.

3. Municipal Corporations—Street Improvements—Abutting Owners. —Where a statute provides, that a municipal corporation can not be made liable for street improvements unless the city can enforce the costs against the abutting property, the statute is held not to apply, in cases where the corporation has authority to contract for the improvements, but no authority to make the improvements at the cost of the abutting property, on account of the nature or ownership of the property, and in such case, the city is liable.

4. Municipal Corporations—Street Improvements.—The general rule, in the absence of statutory provisions, prohibiting the improvement of the streets, at the cost of the city, where the city has the right to contract for a street improvement, but has no authority to make the cost a charge upon the abutting property, the city is primarily liable to the contractor.

5. Municipal Corporations—Street Improvements.—Where a municipal corporation has authority to contract for street improvements, and is not prohibited by statute from making them at the cost of the city, and makes a contract to have the work done, at the cost of the abutting property, and has authority so to do, but neglects to adopt the proper measures to make the property liable, the city is responsible to the contractor.

6. Municipal Corporations—Street Improvements.—A municipal corporation can not be made liable for street improvements, unless it had made a valid and enforcible contract for the improvements, which will bind it for the costs.

7. Municipal Corporations—Void Ordinance.—A void ordinance, enacted under the authority of a void statute, can not authorize an agent of a municipal corporation to enter into a contract upon its behalf.

8. Municipal Corporations—Ratification of Contract.—A city can not ratify a contract, which it had no authority, in the first instance to make.

9.  Municipal Corporations—Contracts.—A municipal corporation can
    not be bound upon an implied contract for benefits received.

VANCE & HEILBRONNER for appellant.

B. S. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The city of Henderson, is a city of the third class. In 1912, the General Assembly attempted to amend section 3459, Ky. Stats., which is a part of the charter of cities of the third class. The attempted amendment is now section 3459a, Ky. Stats. It provided a very comprehensive plan for the construction and reconstruction of the streets of cities of that class, upon what is termed the "ten year" plan, at the cost of the owners of the property abutting upon the streets, and provided for issuing the bonds of the municipality, for the costs of the improvement, in anticipation of the collection of the assessments to be made against the property owners. It is gathered from the petition, that on the 10th day of July, 1912, the common council of the city of Henderson, adopted an ordinance, which provided for the construction of concrete gutters, curbs, and sidewalks, upon certain of the streets of the city, in accordance with the plan provided by section 3459a, *supra*, and directed the mayor to enter into a contract with some one to make the improvements, as provided in the ordinance. In pursuance to the ordinance, a contract was entered into, between the city, acting by the mayor, and the Stratman Concrete Company, for doing the work. The contract was in accordance with the ordinance, which was referred to and made a part of the contract. The ordinance provided, that the improvements should be made as provided by section 3459a, *supra*. The work was done in accordance with the ordinance and contract, and all the requirements of section 3459a, were complied with, which were required, by that act, to make the costs of the improvements, a lien upon the abutting property. In accordance with the terms of that statute, the cost of the work was apportioned between the various abutting property owners, who having failed to pay the costs within thirty days, the city executed its bonds, in payment of the work as provided by section 3459a, and delivered them to the contractor. The bonds were made payable to the bearer,

and contained a recitation, that they were issued in pursuance of the above mentioned ordinance, and by virtue of the power vested in the city, by the statute, 3459a, and to secure their payment, the faith and credit of the city, was pledged as well as a lien on the abutting property. The appellant became the owner of several of the bonds, by purchase from the contractor or his vendee. This court, in the case of Hickman v. Kimbley, 161 Ky. 652, held that section 3459a, *supra,* was enacted contrary to the requirements of section 51 of the Constitution and was, therefore, void, and it further held, that an ordinance enacted for the construction of a street, under that statute, was void, because the provisions for the payment, under that act, could not be disregarded and the provisions for the construction sustained, since provisions for the payments are such a material part of the ordinance, that it is impossible to separate them from the other provisions of the ordinance, and assume that the improvements would have been ordered, without the provisions for payment. The opinion in that case, was followed and approved in City of Henderson v. Liebers' Extr., 175 Ky. 15, wherein it was held, that an ordinance similar to the one mentioned above, was void, because the common council was without authority to enact such an ordinance, and that the costs of improvements made under an ordinance, under the provisions of section 3459a, did not create any lien upon the property of the abutting property holders, and that it could not be subjected for an assessment by virtue of an ordinance under that act.

Cohen, alleging in his petition, substantially, as stated above, sued the city of Henderson, and sought to recover of it the amount of his bonds, with interest. The city interposed a general demurrer to the petition as amended, which was sustained and the action dismissed, and from the judgment Cohen has appealed.

(a) The petition avers, that the ordinance under which the work was done and the bonds issued, is void, and that the bonds can not be collected from the abutting property owners, nor can the lien, attempted to be created, be enforced against the property, but appellant insists, that inasmuch as the city made a contract for the doing of the work, at the cost of the abutting property, and to pay for it out of a fund to be raised by assessments upon the property, and having accepted the work as having been done according to the contract, and the property

owners having refused to pay the assessments, and the city being unable to enforce the payments of the assessments, that the city is primarily liable and can and should be required to pay the bonds. In support of this contention, the cases of City of Louisville v. Hyatt, 5 B. M. 190; City of Louisville v. Leatherman, 99 Ky. 213; Louisville v. Bitzer, etc., 115 Ky. 359, and Hancock Co. v. Mt. Sterling, 170 Ky. 207, are cited, but none of these cases seems to be in point, as will hereafter be shown.

As a general rule, a municipal corporation, subject to constitutional restrictions, may do anything in the way of street improvements, which its charter or other statute authorizes it to do, but in contracting for such work, it is limited by the terms of the statute, under which it proceeds, and a contract to perform such work, must conform to the statute which authorizes the work to be done.

(1) Where statutory provisions prohibit a municipal corporation from constructing streets, at the cost of the municipality, or impose conditions upon its power to do so, the municipality can not be made liable in the first instance, for street improvements, nor in the second instance, unless the conditions are complied with. (2) Where a statutory provision applies to a municipal corporation, to the effect, that the corporation can not be made liable for street improvements, unless it shall have the right to enforce the payment of the costs against the property, which receives the benefits of the improvements, that provision is upheld, but, it is held, that where such a statutory provision prevails, it applies, only, to cases, where the corporation has the right and authority to make the improvement at the cost of the abutting property, and does not apply to cases, where the corporation has the right to contract for the improvements, and is not prohibited by statute from paying for them, but, on account of the nature or ownership of the property, it cannot be subjected to the costs, and in the latter state of case, the corporation will be liable to the contractor, although the contract provided, that the improvements should be made at the costs of the abutting property. (3) In the absence of statutory provisions, prohibiting a municipality from improving the streets, at its cost, the general rule is, that where a city or town has the power and authority to contract for a street improvement, but, has no authority to make the costs of the improvement a charge upon the abutting property, the corporation is

primarily liable to the contractor.   (4) Another rule is, that where a municipal corporation has authority to contract for street improvements, and is not prohibited by statute from paying for them and makes a contract to have the work done, at the cost of the abutting property, and has authority so to do, but, fails and neglects to adopt the proper measures or to take the proper steps to make the abutting property liable to an assessment for the costs, the corporation is liable to the contractor, al-though the contract provided, that the improvements should be made at the cost of the abutting property. Many of the adjudications of this court, in regard to street improvements and the liability of the cities and towns, in their corporate capacity for the costs of the improvements, have been controlled by charter or statutory provisions applying to such corporations, at the time of the adjudications, and cause apparent inconsistencies in the adjudications, when not read in connection, with the statutory or charter provisions, which influenced the decisions, but, a reference to the following cases, will show, that the general principles and rules, above mentioned, have been adhered to when the facts of the particular case have brought it within one of the principles above stated.   Guthrie v. Louisville, 5 B. M. 575; Craycraft v. Selvage, 10 Bush, 708; Murphy v. Louisville, 9 Bush 189; Hyde v. Joyes, 4 Bush 465; Covington v. Dresser, 6 Bush, 210; Louisville v. Nevin, 10 Bush 550; Caldwell v. Rupert, 10 Bush 180; Preston v. Roberts, 5 R. 57; City of Covington v. Smith, 12 R. 141; City of Covington v. Wood, 10 R. 1022; Louisville v. Hexagon Tile Walk Co. 103 Ky. 552; Terrell v. Paducah, 28 K. L. R. 1237; Covington v. Noland, 28 K. L. R. 314; Louisville v. McNaughton, 19 K. L. R. 1695; Louisville v. Meyer, 17 K. L. R. 666; Louisville v. Leatherman, 99 Ky. 213; Louisville v. Bitzer, 115 Ky. 359; Gleason v. Barnett, 106 Ky. 125; De Board v. Bowling Green, 6 B. M. 229; Goswell v. Louisville, 104 Ky. 212; City of Louisville v. Hyatt, 5 B. M. 199; Trustees of Belleview v. Hohn, 82 Ky. 1; Kearney v. City of Covington, 1 Met. 345. The cases cited by appellant are in accord with the principles of the others, above named.

(b)  One of the principles consistently adhered to in all the cases, is that, before the municipal corporation can be made liable for street improvements, it must appear that the contractor has a valid contract with the

corporation by which it bound itself to pay for the improvements. To make the contract valid, the corporation must have the power to enter into the contract, and if possessing the power to make the contract, the requirements of the statute giving it the power, must have been complied with, and the plan provided by law for the making of the contract, must have been adhered to. The statute in the instant case, which authorized the ordinance, under which the work was done and the ordinance itself, are both confessedly void. The condition is just the same, as if section 3459a of Ky. Stats. had never been attempted to be enacted. An unconstitutional statute and an ordinance founded upon such statute, neither, can create any rights nor bestow any powers. As said in Norton v. Shelby County, 118 U. S. 426, "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is in legal contemplation, as if it had never been passed." Hence, the common council was without authority to enact the ordinance, and the ordinance being void, gave the mayor no authority to enter into the contract for the city. Hence, the contractor occupied the position of a volunteer. In Murphy v. City of Louisville, 9 Bush, 189, the ordinance of the city, required, before the city could be bound upon a contract for street improvements, that the contract must be signed by the mayor and approved by the board of aldermen and the common council. The contract was signed by the mayor and approved by one of the boards, but not by the other. The failure to have the contract approved by one of the boards, it was admitted, released the abutting property from liability to pay the costs of the street improvements, but, it was insisted, that because the assessments failed, the city became liable, but this court, however, held, that Murphy did not have any contract with the city, because the contract had not been approved by both of the boards, as the statute required, and hence having no contract, he was a volunteer, and could not make the city liable. It was, furthermore, held, in that case, that persons who dealt with a municipal corporation, about a matter, which is provided for by its charter, is bound to see to it, that the charter provisions are complied with, and must take notice of what is contained in them, and if he fails to do this, he must suffer the consequences. Every person must take notice of the statutes, which now compose the charters of municipal

corporations, and can not be heard to say, that he did not know, what limitations are put by statute upon the power of the councils of towns and cities. "The persons, who contract with municipal corporations must, at their peril, know the rights and powers of the officers of such municipalities to make contracts and the manner in which they must make them." City of Princeton v. Princeton Electric Light & Power Co., 166 Ky. 730; Dillon on Corporations, sec. 372. Having no contract with the city to make the improvements, the contractor can not recover against the city upon an implied contract for benefits received by the city from his work. It has been continually held, that municipal corporations are not bound, except by express contracts, made by officers authorized to make the contract and in the manner prescribed by law. Covington v. Hallam & Myers, 16 R. 128; Floyd Co. v. Allen, 137 Ky. 575; Louisville v. Parsons, 150 Ky. 420; City of Bowling Green v. Gains, 123 Ky. 562; Allen v. Board of Education, 148 Ky. 746; Perry Co. v. Engle, 116 Ky. 594; Floyd Co. v. Oswego Bridge Co., 143 Ky. 693; Grinstead v. Monroe Co., 156 Ky. 296; Worrell Mfg. Co. v. Ashland, 159 Ky. 656; District of Highlands v. Mich., 32 R. 761; Owensboro v. Weir, etc., 95 Ky. 195; Trustee of Belleview v. Hohn, 82 Ky. 1.

(c) It is insisted, that the city ratified the contract to improve the streets in the instant case, by accepting the work as having been done according to the contract, and is, therefore, estopped, to say, that the work was done without a valid contract with the city. The city, however, could only ratify a contract, which it had authority to make, because it can not do indirectly what, it had not authority to do directly. Hydes v. Joyes, 4 Bush, 465; Norton v. Shelby County, *supra.*

(d) It is insisted, that the city did have authority to make the contract, under which the improvements were made, other than that, which appeared to be contained, in the unconstitutional statute, and having exercised its authority, in such an irregular way, that the assessments provided for, could not be enforced, and that because of its authority to make a contract for improvements, that the contract, it did make, was not *ultra vires,* and, hence, it should be made liable for the costs. However, the city did not pretend, that it was contracting by reason of any other powers it possessed, but, expressly

enacted the ordinance and made the contract with reference to its supposed powers, granted by the unconstitutional statute, and it cannot be assumed, that it would have made the contract, under any other terms, than the supposed powers gave it. To make the city now liable, under the powers it had to contract for street improvements, other than the supposed powers it attempted to exercise, it would be necessary to show, that the ordinance and contract were such as to make the city liable under its real powers.

To determine what its real powers were it will be necessary to construe sections 3449, 3457, and subsection 7 of section 3290, Ky. Stats. together. When this is done, it will be observed, according to the provisions of section 3457, *supra,* that before the city is made liable for street improvements, at all, both the ordinance, under which the work was done and the contract must specify, that it was to be paid for out of the city treasury. Neither, the ordinance nor the contract, contained any such specification. Hence, the bonds sued on are void, so far as they create an obligation upon the city. While the equities of this case greatly weigh in favor of the appellant, and the result seems harsh, the setting aside of the well established principles of law, to save him from the consequences, can not be justified, as the evil consequences, which would flow from a contrary holding would be unending.

The judgment is therefore affirmed.

All members of court, sitting, Judge Thomas, dissenting.