Reversing.
This action was instituted by the appellee, People's State Bank of Frankfort, Ky., against the city of Prestonsburg, to recover the principal and interest on certain street improvement bonds; the cost of such improvements having been assessed against the abutting property owners.
The petition alleged, in substance, that on July 19, 1920, and on February 18, 1923, the city of Prestonsburg, at that time a city of the fifth class, by its board of council adopted ordinances by which it ordered the improvement of certain described streets and parts of streets by paving same and the construction of sewers. Pursuant to each of the ordinances, contracts were awarded and the improvements made and completed as required by the contract and accepted by the city. Under each ordinance and contract the cost of the improvements was apportioned and assessed against the owners of the property abutting the improved streets under what is known as the ten-year bond plan as authorized by section 3643-3, Carroll's Kentucky Statutes, 1915 Edition. To pay the cost of said improvements under each ordinance and contract, the city issued street paving bonds as authorized by section 3643-5, of the Statutes. All of the bonds so issued under the first contract were in denominations of $500 each, aggregating the total sum of $69,500, of which the appellee became the purchaser in the principal sum of $19,000. Under the second ordinance and contract bonds were issued in the sum of $19,000, of which the appellee became the purchaser in the principal sum of $4,000. The series of bonds issued under each contract, though maturing at different dates, had all become due and payable, with the exception of five bonds of the first series, at the time this action was filed, October 24, 1930. Since that date, and on August 1, 1931, these five bonds have matured. Subsequent to the filing of the petition herein, and before the judgment was rendered, one bond under the first issue had been taken up by the city by a payment of $725.60, and two bonds under the second issue were paid off in the sum of $1,293.83. With these exceptions there has been no other payment of either principal or interest.
A demurrer to the petition was overruled, whereupon appellant filed its answer, to which a demurrer *Page 254 
was sustained, and the court rendered a judgment for appellee for the principal sum of $32,623.70 with interest from October 1, 1930, subject to the aforesaid credits. From that judgment the city prosecutes this appeal.
It is insisted for appellant that the demurrer should have been sustained to the petition. Kentucky Statutes, section 3643-7, in part, reads:
 "* * * And in any such action an allegation in substances that the improvement has been made and the work accepted pursuant to and by ordinances of the city council duly passed in accordance with law, shall be a sufficient pleading of the ordinances and proceedings under which the work was done and accepted, without setting out same in full. * * *"
The allegations of the petition are substantially in compliance with the Statute.
It is further alleged, however, that the city failed to comply with the obligations assumed by it under the expressed terms of the bonds, in that it negligently failed to collect the assessments assessed against the abutting property and to apply the proceeds thereof to the discharge or payment of its bonds. It is argued for appellant that the city is not personally liable to the bondholders because of its failure to collect the assessments, and that the bondholders had the right to sue and enforce the payment of such assessments.
We find no authority in charters of cities of the fifth class authorizing the bondholders to maintain such actions. Kentucky Statutes, section 3643-7, in part, reads:
 "The assessments may be collected like other city taxes, or the city may at any time after any installment remains delinquent for thirty days, by suit in equity enforce the lien for all unpaid installments, both those so delinquent and the remaining unpaid installments assessed against the delinquent property, with interest at said rate thereon to date of satisfaction thereof. * * * Any such action shall be prosecuted in the name of the city, for the benefit of any and all bondholders whose bonds or interest thereon are so in default, and in any such action such lien shall be enforced for the payment of all unpaid installments assessed against such property, with all interest thereon, and for such added penalty, and the costs of the action."
However, we find in charters of cities of the fourth *Page 255 
class (section 3575, Kentucky Statutes), and perhaps other classes, a provision to the effect that failure on the part of the city to collect such local improvement taxes or installments thereof when due shall create no liability against the city, but the person entitled to such taxes, or the owner of any such bonds, shall have the right to proceed in any court of competent jurisdiction to collect such unpaid assessments. But, no such provisions appearing in charters of cities of the fifth class, obviously the bondholders have no right to maintain such action. It therefore became the duty of the city, appellant herein, to collect such assessments or installments when due, and its failure to do so renders it liable to the bondholders for such loss as they may have sustained by its failure to make such collections. City of Catlettsburg v. Citizens' National Bank, 234 Ky. 120, 27 S.W.2d 662; Cohen v. City of Henderson, 182 Ky. 658, 207 S.W. 4; City of Covington v. McKenna, 242 Ky. 452, 46 S.W.2d 760.
Omitting immaterial parts, each of these bonds provides:
 "That the City of Prestonsburg, State of Kentucky, subject to the conditions hereinafter contained, promises to pay to the Bearer hereof the sum of Five Hundred Dollars ($500.00) on the 1st day of August, 1927, (or date provided in each bond), at the Bank of Josephine, Prestonsburg, Kentucky, with interest thereon at the rate of six per centum (6%) per annum from the date hereof until the payment of said principal sum, upon presentation and surrender of the proper coupon hereto annexed at said The Bank of Josephine, Prestonsburg, for the payment of which said sum and interest the faith and credit of the City of Prestonsburg is hereby held and firmly bound to make out of the sums realized from the apportionments against the property and lots abutting, fronting and bordering upon the following streets and public ways of said city, viz. * * *" (Italics ours.)
This form of bond is authorized by the Statutes and the ordinance providing for the improvement. Thus it will be seen that the city obligated itself to make the sums to be realized from the apportionments against the property, and the bond should be read in connection with section 3643-7 of the Statutes, supra.
Appellant filed its answer in which it averred in the *Page 256 
traverse that it did not have sufficient knowledge or information upon which to base a belief that the plaintiff had become or was the owner of the bonds sued on or that said bonds were past due or that it had refused to pay said sums, and therefore denied such allegations of the petition. It further denied that there was not a substantial amount of said street improvement funds then in the city treasury with which to discharge the bonds sued on.
There are many other similar denials contained in the traverse, all of which, when read in light of the whole pleading, presents no legal issue. It contains denials of facts which are matters presumably of its own record without denying the existence of the record. A pleader may deny the existence of a record pleaded, but a denial based upon lack of information or knowledge of such record is not allowed by our Civil Code of Practice, sec. 113, subsecs. 7 and 8. Flimin v. Flimin's Adm'x, 250 Ky. 827, 64 S.W.2d 165; Preston v. Roberts, 75 Ky. (12 Bush) 570.
In paragraph 2 of the answer it is denied that the city of Prestonsburg undertook or agreed that the said bonds should be payable out of or secured by lien on the assessments which were made or apportioned against the abutting property, or undertook, as agent or trustee for the owners or holders of said bonds, to exercise due diligence in the collection of such assessments, etc., and denied other allegations, which are matters of law and contrary to the provisions of the bond. It is our view that such allegations presented no defense nor made any issue requiring evidence. In paragraph 3 of the answer it is affirmatively alleged that the defendant, city of Prestonsburg, had never declined or refused to collect the assessments or to pay the bonds or any of them, but is willing, ready, and anxious to collect the assessments, and will collect same if possible. These allegations are contradictory of the city's records, which disclose that said assessments have not been collected nor said bonds paid. It also pleads affirmatively other matters which it denied in the traverse portion of the answer. It is further alleged in the answer that certain sums were assessed against the property of the graded common school district of Prestonsburg and the United States government, and it is admitted that the city was without any right or authority to assess the property or the public agency (City of Mt. Sterling v. Montgomery *Page 257 
County, 152 Ky. 637, 153 S.W. 952, 44 L.R.A. [N. S.] 57), and that the city should pay for the improvements abutting the property of these public agencies and the street intersections, and, this being a direct obligation of the city, it is a debt of the city in excess of the constitutional limitation. Section 157 of the Kentucky Constitution. But the assessed value of the property of the city is not shown nor other facts pleaded in support of the conclusions of the pleader that such indebtedness, if any, on the part of the city, contravened section 157 of the Constitution. It is argued for the city that a demurrer to the answer admitted its allegations. This is true. A demurrer admits allegations of facts but does not admit conclusions of the pleader. Arnold Son Transfer Storage Co. v. Weisiger, 224 Ky. 659, 6 S.W.2d 1084; Goodman v. Board of Drainage Commissioners, 229 Ky. 189, 16 S.W.2d 1036.
Lastly, it is argued that the bonds are an obligation of the city and create an indebtedness of the municipality within the meaning of sections 157 and 158 of the Constitution without a vote of the electorate of the city to create such indebtedness. To this argument we are unable to agree. It is a well-settled rule that contracts for local improvements, the cost of which is to be borne by the property benefited, does not create an indebtedness of the municipality such as prohibited by the Constitution. Castle v. City of Louisa, 187 Ky. 397,219 S.W. 439; Wickliffe v. City of Greenville, 170 Ky. 528,186 S.W. 476; Williams v. Wedding, 165 Ky. 373, 176 S.W. 1176. Later by amended answer the city pleaded that it had instituted suits against various abutting property owners to enforce the collection of the assessments and setting out a long list of such suits filed. The court properly sustained the demurrer to the answer as amended. The court decreed that the appellee was entitled to recover from the city personally the amount sued for. The appellee was not entitled to such judgment at this time, from which it follows that at this time the city cannot be compelled to levy a general tax to pay such personal judgment. For these reasons the judgment is reversed. On a return of the case, the court will ascertain and fix the amount of the unpaid bonds of the appellee and direct and require the city to proceed immediately to prosecute the suits heretofore instituted against the property owners and to file suits against any and all other property owners whose property *Page 258 
is liable under the lien of the bondholders, and to collect from the property owners the amounts respectively unpaid and secured by a lien on their property, and, when collected, pay same immediately to the appellee. And, after these amounts are collected from the property owners and paid to the appellee, if any bonds of the appellee remain unpaid, then the court will render a personal judgment against the city for the unpaid balance, with proper orders for levying and collecting general taxes for the payment thereof.
Wherefore the judgment is reversed for proceedings consistent with this opinion.
The whole court sitting.