## City of Catlettsburg v. Trapp.

(Decided Feb. 19, 1935.)

**348**

MARTIN & SMITH for appellant.

OTTO WOLFF and HENRY KUECHLER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The city of Catlettsburg, through its board of council, ordered the improvement of certain streets by original construction on the ten-year payment plan; the cost of construction to be apportioned against the abutting property. After the work had been completed and the total cost and proper apportionments against the various properties fronting on the improved streets had been ascertained, an apportionment ordinance was adopted on December 4, 1911, which provided, in accordance with section 3575 of the Kentucky Statutes, that the assessments against the abutting property should be placed annually upon the tax duplicate with the other taxes of persons liable for such special assessments. Many of the property owners exercised the option given to them by section 3575 to pay the assessments in cash.

For the unpaid balance owing to the contractor, amounting to $13,210.98, the city issued and sold street improvement bonds. These bonds were dated December 4, 1911, and by their terms the city agreed to pay to bearer the principal amount on December 4, 1921, with interest from the date of the bonds. It was stipulated in the bonds that the city should be liable only for the sums realized upon the apportionments against property and lots abutting streets to be improved after such sums had been collected and paid to the treasurer of the city, and that neither the principal of the bonds nor any interest should be payable and redeemable on the faith and credit of the city, nor should principal or interest be deemed a debt against the city, but should be payable out of and secured by a lien on the assessments to be made and apportioned by the city against the lots and parts of lots abutting upon streets ordered to be paved and curbed. $1,710.98 of the principal of the bonds was paid, and the interest on the bonds was paid in full up to and including December 4, 1922. Since then two payments on the interest have been made; one of $560.57 on April 8, 1924, and one of $689.66 on June 11, 1925.

Daniel E. Trapp, the owner of the unpaid bonds, brought this suit on December 7, 1932, against the city of Catlettsburg to recover the sum of $11,500, with interest from December 4, 1922, subject to credits of $560.57 and $689.66 as of April 8, 1924, and June 11, 1925, respectively. It is alleged in the petition that the city had negligently and carelessly failed to enforce payment of the assessments levied against the property abutting on the improved streets, and had negligently permitted the statute of limitations to run and the liens upon the property bordering upon the improvement to expire and be lost, and that by reason of such carelessness and negligence the plaintiff had been damaged in the amount sued for.

After its demurrer to the petition had been overruled, the city answered, denying carelessness and negligence with respect to the collection of the assessments, and denying that plaintiff had been damaged by reason of such carelessness and negligence, and affirmatively alleging that by the terms of the bonds it bound itself to pay same only out of the sums realized upon the apportionments against the property fronting on the improved streets; that the bonds provided that neither the amounts thereof nor the interest should be payable on the faith and credit of the city, nor deemed a debt against the city, but were to be secured merely by lien on the assessments to be made and apportioned by the city; that the city was merely trustee of the funds collected, and had paid all so collected to plaintiff, and had, therefore, fully discharged its duty with respect thereto. In paragraphs 3, 4, and 5 of the answer the five and fifteen year statutes of limitations were pleaded. Ky. Stats. secs. 2514, 2515. In an amended answer it was alleged that the plaintiff was under equal obligation to enforce collection of the assessments, and that his failure to take necessary steps to collect the delinquent assessments constituted an estoppel.

The court sustained a demurrer to the answer as amended, and rendered judgment against the city for the sum of $11,500, with interest from December 4, 1922, subject to a credit of $1,250.23, representing the payments of April 8, 1924, and June 11, 1925. The city appeals.

When the bonds in question were issued, section 3575 of the Statutes provided:

"The assessment may be collected like other taxes, or the city may, at any time, after one installment remains delinquent for thirty days, by suit in equity, enforce its lien for all of the unpaid installments, with interest thereon to date of satisfaction of same, and its cost expended." Carroll's Kentucky Statutes, 1915 Edition, sec. 3575.

Under the law as it then read, the owners of street improvement bonds had no right to maintain an action to enforce the lien for unpaid installments. Section 3575 was amended in 1916 so as to give the owners of the bonds the right to proceed in any court of competent jurisdiction to collect the unpaid assessments. Acts of 1916, c. 113, sec. 7; City of Prestonsburg v. People's State Bank, 255 Ky. 252, 72 S. W. (2d) 1043.

The law in force at the time the bonds were issued controls, and it follows that the plaintiff was under no obligation to enforce collection of the delinquent assessments.

It is conceded that the city, by its failure to enforce collection of the assessments, has permitted the statute of limitations to run and the lien to be lost, and that there is no money in the street improvement fund with which to discharge the bonds in question. There was such a breach of duty on the part of the city as to make it liable on the bonds, and it was so held in City of Catlettsburg v. Citizens' National Bank, 234 Ky. 120, 27 S. W. (2d) 662, which involved companion street improvement ordinances of the same city and bonds identical in terms. The question of limitations, however, was not raised in that case, as suit was brought by the bondholders against the city within five years after their cause of action accrued. Here the suit was brought more than ten years after maturity of the bonds, and more than seven years after the last payment of interest.

The city was not liable on the bonds as such. Its liability arose by reason of its negligent failure to enforce collection of assessments, and the plaintiff properly based his action on that theory. If the city collected the assessments and failed to apply the money received by it to the payment of the bonds it would be liable for a breach of trust, and if it negligently failed to collect the assessments it would be liable for the damages to the bondholders caused by its negligence. City

of Catlettsburg v. Citizens' National Bank, supra; Cohen v. City of Henderson, 182 Ky. 658, 207 S. W. 4; City of Covington v. McKenna, 242 Ky. 452, 46 S. W. (2d) 760. In City of Catlettsburg v. Citizens' National Bank, it was held that the cause of action is one for negligent breach of duty. That being true, the five-year statute of limitations, section 2515, Kentucky Statutes, applies.

The judgment is reversed, with directions to overrule the demurrer to so much of the answer as pleaded the five-year statute of limitations.