## City of Corbin v. Becker.

May 9, 1944

Thomas F. Young for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

This action was filed by the appellee, August F. Becker, to recover of the appellant, City of Corbin, a third class city, pro rata parts of numerous street improvement bonds issued pursuant to Sections 3458 and 3459 of the Kentucky Statutes. The bonds were of numerous different series and aggregated approximately $4,300. It was alleged that they matured on various days from July 1, 1933, to January 1, 1937, more than five years and 30 days before the filing of this action. It was further alleged that after certain of the earlier maturing bonds of each series had been paid an insolvency developed in the fund for the payment of each series and that after the insolvency was apparent the city collected assessments in specified amounts and applied such funds to the payment in full of other bonds to the exclusion of those held by the appellee and that in certain instances bonds maturing later than those held by the appellee were paid in full. The bonds contained a promise to pay by the city "but only from the sums realized from the apportionments against the property and lots."

None of the material allegations of the petition were denied, except that the city denied that it had misapplied or misappropriated any sums collected by it. The city pleaded the five-year limitation provided by Section 2515 of the Kentucky Statutes, now KRS 413.120, as to an action upon a liability created by statute. The cause being submitted on the pleading and on a stipulation admitting in substance, the allegations of fact in the petition, judgment was rendered for the aggregate sum of $3,770.24, with interest on each bond from dates ranging from July 1, 1933 to January 1, 1937. The judgment was for the pro rata part of each of the bonds in the fund collected by the city for the payment of bonds after the insolvency was apparent.

The principal ground urged for reversal is that the action was barred by the five-year statute of limitation, it being the contention of the appellant that the liability of the city, if any, for misappropriation of the funds collected by it was a liability created by statute to which the five-year limitation is applicable.

Principal reliance is placed on City of Middlesboro v. Terrell, 259 Ky. 47, 81 S. W. (2d) 865, in which we held that an action on an installment of an assessment

in default must be brought within five years and thirty days after the maturity of the installment. But the present action is not of that character. It is not an action against a property owner on a matured assessment but one against the city for violation of its written obligation to collect the assessments and apply them to the payment of the bonds. Nor is the action merely one on a liability created by statute. It is an action on the written promise and agreement of the city, as evidenced by the bonds, to apply the sums collected by it from the assessments to the payment of the bonds. To such an action the fifteen-year limitation provided by KS 2514, now KRS 413.090, as to actions upon a written contract is applicable. The trial court correctly held that the five-year statute of limitation did not apply.

It is next argued that the court was without power to render a personal judgment against the city on the bonds. This is correct, since KS Sec. 3458 provides that failure on the part of the city to collect any tax or installment thereon when due shall create no liability against the city. However, the judgment in question imposed no such liability. It imposed liability only to the extent of funds actually paid to the city, had those funds been properly applied by the city to the payment of the bonds, including those of the appellant.

Section 3458 provides, in effect, that the city shall be liable on the bonds to the extent of funds actually paid to it. And in The Maccabees v. City of Ashland, 270 Ky. 86, 109 S. W. (2d) 29, we held that where an insolvency developed in the fund for the payment of such bonds the funds available should be pro rated over the entire series of bonds remaining unpaid when the insolvency was ascertained. The city violated the duty of pro rating the funds collected by paying certain of the bonds in full after the insolvency was evident. The trial court correctly rendered judgment against the city for the appellee's pro rata part of the funds collected for the payment of the bonds.

Judgment affirmed.