## Enslen et al. v. Knepfle Bros. et al.

March 12, 1946.

As Extended on Denial of Rehearing

May 14, 1946.

Benton, Benton & Luedeke and L. W. Scott for appellants.
John Wm. Heuver and J. H. Powers for appellees.

Opinion of the Court by Judge Dawson—Reversing.

In 1928, the City of Morehead issued 168 six percent Street Improvement Bonds of $500 par value each, maturing serially in from one to ten years. Knepfle Brothers bought the entire issue and sold appellants Jurin and Enslen eleven bonds which were due in 1937 and 1938.

The city defaulted on the first maturities in 1929, and in 1933 Knepfle Brothers brought suit against the city on behalf of themselves and all other bondholders for all payments due in 1929, 1930, 1931 and 1932. They obtained judgment for the amounts due in those years.

The city paid all interest due on the bonds held by Jurin to 1934; all interest due on the bonds held by Knepfle Brothers to 1935; and all interest due on the bonds held by Enslen to 1936. Prior to 1936, Knepfle Brothers were paid $28,000 of the principal of their bonds as the city had elected to redeem the bonds according to their consecutive numbers, and Knepfle Brothers were the holders of the first 56 so numbered bonds. After 1936, an additional sum of $31,000 as principal, and $8,547.84 as interest thereon, was paid to Knepfle Brothers. The only other amount paid was a $500 bond with $243 interest thereon. This bond and interest was paid to Enslen on September 2, 1944.

In 1944, Jurin and Enslen filed an intervening petition seeking to recover their proportionate share of all principal and interest already paid.

The court adjudged that all parties should be equalized as of March 15, 1945, and adopted a method of calculation which awarded Jurin and Enslen four sums, viz:

(1) Their proportionate share of all payments of principal made from 1928 to 1945.

(2) Interest on their proportionate share of the above-mentioned payments of principal which were made after 1934, and 1936, from the time such payments were made until the date of equalization.

(3) Their proportionate share of all interest payments made since 1934, and 1936.

(4) Interest on such payments of interest from the time they were paid until the equalization date.

The court deducted from the total of these four allowances to Enslen, $766.89, which represented payment of principal and interest on the $500 bond paid to Enslen on September 2, 1944, and interest on such payments from September 2, 1944, to March 15, 1945, the equalization date. The award to Jurin and Enslen was ordered to be paid from a fund already accumulated and now in the hands of the city.

The lower court properly adjudged that the parties should be equalized, as the fund from which the principal and interest of the bonds is to be paid was insufficient to pay all principal and interest due. Thus the fund was insolvent and under these conditions the funds available should be prorated over the entire series of bonds remaining unpaid at the time insolvency was ascertained. See The Maccabees et al. v. City of Ashland, 270 Ky. 86, 109 S. W. 2d 29; Epley et al. v. Kentucky County Debt Commission et al., 283 Ky. 600, 142 S. W. 2d 116; and City of Corbin v. Becker, 297 Ky. 485, 180 S. W. 2d 419.

Therefore, the only question presented by this appeal is whether appellants Jurin and Enslen are entitled to receive interest from 1934, and 1936, respectively, to 1945, on their proportionate share of the bonds paid by the city to Knepfle Brothers prior to 1934 and 1936.

The appellees contend that up to 1934, and 1936, the appellants received interest on their bonds, as well as their proportionate share of the payments of principal as awarded by the court's calculation, and consequently the parties are thereby made equal as of that time.

Appellants are insisting that since they were entitled to their proportionate share of these payments on principal in 1934, and 1936, and were not awarded them until 1945, when the court ordered that all bondholders be equalized, they should have interest on their unpaid portion of this principal.

This is an unusual case as the record does not present any question of fact or issue of law. It merely involves the determination of the correct method of equalizing the parties hereto as of March 15, 1945, which was the date agreed upon.

We are of the opinion that the judgment should have allowed to Jurin and Enslen interest (from 1934,

330

and 1936, respectively) to 1945, on their proportionate share of the payments of principal, made prior to those dates by the city, to Knepfle Brothers. Since we have allowed the appellants their proportionate share of these payments of principal, it is only fair that they be allowed interest on such payments from the time that such payments should have been made (1934, and 1936, respectively) until the date of equalization, March 15, 1945.

Upon payment of the interest allowances to Jurin and Enslen, as herein directed, the parties hereto will be equalized as of the agreed date, March 15, 1945. All future payments to the bondholders, including payments from the remainder of the fund accumulated by the city, shall be on the proportions or percentages as set forth in the judgment appealed from, which percentages represent the proportionate ownership of the bonds by the parties.

From what we have said it is apparent that, to the extent specified herein, the judgment is erroneous and must be and is reversed for proceedings consistent herewith.