**CITY OF GREENVILLE v. HART.**

Court of Appeals of Kentucky.

Feb. 13, 1953.

Rehearing Denied May 8, 1953.

Alfred C. Ross, Greenville, for appellant.

Belcher & Donan, Greenville, for appellee.

STANLEY, Commissioner.

Street paving bonds were issued by the City of Greenville during the period 1924 to 1928. KRS 94.580. See Shaver v. Rice, 209 Ky. 467, 273 S.W. 48. In July, 1941, this suit was instituted against the city by Charles L. Hart to recover the amount of unpaid bonds. The statute and the bonds themselves made the city a trustee to collect them by enforcing the liens on the abutting property, and this action is for damages for refusing and negligently failing to perform that duty. City of Prestonsburg v. People's State Bank, 255 Ky. 252, 72 S.W.2d 1043; City of Catlettsburg v. Trapp, 261 Ky. 347, 87 S.W.2d 621. Judgment went against the city for an aggregate of $8,149.31.

Two years elapsed before the answer was filed. It contained a traverse and plea of limitations. A year or so later an amended answer pleaded estoppel and payment. All these defenses were rejected by the circuit court.

The claim of estoppel is based on the fact that the plaintiff, through his attorney and agent, Newt Belcher, took over the collection of a number of defaulted bonds. The suits were in the name of the city. Mr. Belcher testified this was done because the city disregarded his demand that it take such action. He justified his action as the right of a beneficiary to sue when the trustee refuses. It may be observed parenthetically that it was held in City of Prestonsburg v. People's State Bank, 255 Ky. 252, 72 S.W.2d 1043, that holders of

this class of bonds are without authority to do so. The city denies there was any demand and contends that Mr. Belcher dominated the situation and took over complete control. There is no dispute that the money collected on the judgments went into the city's bond fund. There was considerable friction throughout the years between the city authorities and Mr. Belcher. By formal action the council in 1935 called upon Mr. Belcher to desist filing such suits. This was part of directions given by the council to the city attorney to negotiate for a settlement of the claims of and controversies with Hart, the contractor who reconstructed the streets and owned the bonds. It appears the city then proceeded to enforce liens on four pieces of property. The city argues that Hart continued to file suits to enforce the liens. The record is not clear but we believe it does not sustain the contention. The fact remains that the city took no affirmative action to enforce the liens securing the remaining bonds. They were still in the hands of the purchaser when this suit was brought. We concur in the view of the trial court that estoppel was not proven.

The city maintains there was an agreed settlement of all its liabilities on these street improvement bonds. Debt refunding bonds were issued in March, 1937, in the amount of $20,848.34 and about $18,000 of the proceeds were paid to Hart's attorney. See Pace v. City of Greenville, 267 Ky. 83, 101 S.W.2d 189. There was never any written agreement concerning this. The city undertook to show that the payment was in full and complete satisfaction of its liability of every kind. But the evidence fails. The mayor, treasurer and several members of the council in office at the time testified that they "understood" the payment was in final settlement and was "to wipe the slate clean"; that otherwise the refunding bonds would not have been issued. Much is said in the briefs about the fact that the plea of payment was not raised until after the death of Judge T. J. Sparks, who was the city attorney during the period in which these transactions occurred, and that the original answer filed by Judge Sparks made no such plea. That, obviously, is not proof, but there is abundant record evidence.

The minutes of the council refer to ten certain judgments against the city for the cost of street construction and assessments against the abutting property in excess of 50% of its value and to another judgment of around $900 not of that kind but related to the street improvement project. The ordinance authorizing the issue of refunding bonds recites that the proceeds were to satisfy these judgments and a judgment of about $3,000 for light and water charges of the Kentucky Utilities Company. It does not appear that any claim had then been asserted against the city for failing to collect the street improvement bonds or that those upon which the present suit is based were then in default, so the city's present liability arose after the settlement.

The judgment is affirmed.