**HEYDINGER v. CITY OF CATLETTS-
BURG, KY.**

No. 270.

United States District Court
E. D. Kentucky, Catlettsburg Division.

July 23, 1953.

Frank H. Shaffer, Jr., Walter Beckjord, of the firm of Peck, Shaffer & Williams, Cincinnati, Ohio, Diederich & Lycan, Ashland, Ky., for plaintiff.

Thomas E. Phipps, Ashland, Ky., for defendant.

SWINFORD, District Judge.

This is an action brought by the plaintiff, a holder in due course of a number of street improvement bonds issued by the City of Catlettsburg, Kentucky, a city of the fourth class. It is contended by the plaintiff that the defendant, the City of Catlettsburg, Kentucky, is liable to him for the full value of the face of the bonds and the accrued interest thereon on the following grounds: (1) that it was the obligation of the City by the terms of the bonds to use all legal measures given to it by law to enforce collection against the abutting property owners by enacting proper assessment ordinances and by taking such other steps as were necessary to assure the bondholders against loss; (2) that by the terms of the bonds it was the obligation of the abutting landowners to pay the assessments and if they were not paid the City was under obligation to enforce collection by proper legal action.

The record discloses the following facts: on the 3rd day of October, 1921, the 22nd day of August, 1922, the 1st day of December, 1923, and on the 23rd day of August, 1924, the defendant, the City of Catlettsburg, Kentucky, adopted and readopted ordinances providing for the paving of the streets in the city at the expense and cost of the owners of land fronting and abutting upon the street to be paved. The enactments by the Council were under the authority of Chapter 113 of the Acts of the 1916 General Assembly of Kentucky. All of the bonds issued were to mature not later than December 1, 1934. The entire issue was for approximately $71,000. Of this amount only $18,000 has been paid and this action is to recover the face of the bonds amounting to $53,000 and the accrued interest.

In his prayer the plaintiff asks that the statutory lien created be confirmed prior to all and any other liens on the property having unpaid assessments or otherwise held as security for the payment of the bonds and that the court declare that such property remain subject to the lien until payment in full of the principal and interest; that the court render judgment against the defendant in an amount equal to the sum which the defendant has collected and which should have been applied toward the satisfaction of the bonds; that the defendant be required to enact proper ordinances to collect sufficient money to pay off the plaintiff's claim; that the defendant be directed to collect sufficient monies to satisfy the plaintiff's claim; that if, after reasonable time, the defendant has not done so, the plaintiff be given judgment against the defendant in such amount; and the plaintiff prays for all proper relief.

I am of the opinion that the prayer of the plaintiff's complaint should be denied and the complaint dismissed.

Chapter 113 of the Acts of 1916, which is now in part KRS 94.460 (2) is quoted as follows:

"Failure on the part of the city to collect any local tax or installment thereof when due shall create no liability against the city, but the person entitled to the tax, or the owner of any of the bonds, may proceed in any court of competent jurisdiction to foreclose the lien for such unpaid assessments, recovering interest and costs, and may have the proceeds of the property applied in settlement thereof."

With reference to the obligation of the City to stand for the collection of the bonds, the bonds on their face make the following provisions:

"* * * for the payment of which said sum and interest the faith and credit of the City of Catlettsburg is hereby held and firmly bound to make, but only out of the sum realized from the apportionments against the property and lots abutting on the following street: * * *

296

"* * * after said sum shall have been collected and paid to the Treasurer of said City; and the faith and credit of the City of Catlettsburg is hereby pledged to use all legal measures given to it by law to enforce the collection of said apportionments in accordance with the provisions of Chapter 113 of the Acts of 1916 of the General Assembly of Kentucky, but not otherwise."

By the terms of the statute and by the provisions on the face of the bonds, the defendant was not bound for the payment of the obligation but was bound only to the extent that it was to use all legal measures available to enforce collection. It is disclosed by the record that the bonds were in default after December 1, 1934. Prior to 1940 the City of Catlettsburg instituted more than one hundred and fifty suits against the abutting property owners to seek recovery on the bonds. It is represented to the court that the present plaintiff participated in the filing and prosecution of these actions in the Boyd County Circuit Court on behalf of the bondholders. On June 8, 1940 judgment was rendered by the Boyd Circuit Court in which it set forth that "the records of the City disclose the absence of practically every essential thing required by the statutes to impose a lien for street paving; and in addition thereto it appears that a much larger sum was attempted to be assessed than would have been authorized had the contract for the paving been valid. The relief prayed for is denied and the several petitions dismissed."

■ This judgment was, by arrangement between the parties, the judgment in each of the cases filed. The City of Catlettsburg prosecuted an appeal to the Kentucky Court of Appeals from this decision. The appeal has never been acted upon and it is disclosed by the record here that the cases are still pending in the Kentucky Court of Appeals awaiting the decision of that tribunal. I hasten to add that, in my opinion, it is not through any lack of diligence on the part of the appellate court but through failure of interested parties, for one reason or another, to bring the case to the point where it might be submitted for decision. The judgment of the Boyd Circuit Court, insofar as this court is concerned, is now a final judgment of a state court by which this court is bound, as it is the law of the case. Since the state court ruled that there was no lien, this court cannot adjudge that the defendant can enact ordinances to enforce a lien incident to the collection of the money to satisfy the bonds.

■ I must necessarily treat this as an action against the City wherein its liability arose because of its failure to enact proper assessment ordinances and hold that it was therefore guilty of a negligent breach of duty. That being true, the five-year statute of limitations, KRS 413.120, applies. City of Catlettsburg v. Trapp, 261 Ky. 347, 87 S.W.2d 621; City of Catlettsburg v. Citizens' National Bank, 234 Ky. 120, 27 S.W.2d 662.

The defendant was, by the terms of its contract, required to use all legal measures to enforce collection. It used all legal measures when it instituted the actions in the Boyd Circuit Court. It was not compelled to take an appeal from that decision. The bondholders had a right to bring either an original action or since they, through their attorney, were collaborating with the City of Catlettsburg in the actions, could have intervened and brought the case on appeal to the point of having it submitted to the court for a review of the judgment of the Boyd Circuit Court. The bondholders did not see fit to do either of these things but stood by without taking any steps for eleven years before proceeding in this court.

The wording of the bonds do not require the City to successfully prosecute its lawsuits. To so hold would be to place a primary liability upon the defendant which would be in direct contravention of the wording of the statute on which the bonds were issued and to which the owners of the bonds were required to look for their validity.

■ To require the City to successfully enforce, by legal proceedings, the collection of the bonds would be to make

the City an insurer. The whole purpose of the statute is to save the City from such liability. It is true that municipalities should not be permitted to issue bonds and to avoid the responsibility of redeeming them. Holders of such municipal bonds have them in good faith and are entitled to the full protection of the law, but such purchasers of bonds are also bound to take note of the wording of the bonds and the statutory limitations upon the liability of the municipality issuing them. The bondholders in the instant case are not relieved of their responsibility to also take advantage of the provisions of the statute and initiate proceedings to collect the bonds. Prior to the enactment of KRS, Section 94.460, there was no such right in the bondholder. This Act of 1916 was enacted for the purpose of enabling the bondholder to protect his investment. It also, in my opinion, charged him with a responsibility for his failure to act. This is clearly the implication in the opinion in the case of City of Catlettsburg v. Trapp, supra. In that case, as in the case at bar, there was a plea of estoppel. The answer alleged that the plaintiff was under equal obligation to enforce collection of the assessments and that his failure to take necessary steps to collect the delinquent assessments constituted an estoppel. The court pointed out that the law in force at the time the bonds were issued was controlling in the Trapp case. This would indicate that had the Act of 1916 been in effect that such a defense would have been valid. The opinion uses the following language:

"Under the law as it then read, the owners of street improvement bonds had no right to maintain an action to enforce the lien for unpaid installments. Section 3575 was amended in 1916 so as to give the owners of the bonds the right to proceed in any court of competent jurisdiction to collect the unpaid assessments. Acts of 1916, c. 113, § 7; City of Prestonsburg v. People's State Bank, 255 Ky. 252, 72 S.W. 2d 1043." [261 Ky. 347, 87 S.W.2d 622].

 Estoppel is an equitable defense and should be rarely sustained to the enforcement of written obligations. However, where the whole record indicates that the party seeking to enforce a written obligation has, by his conduct and delay, added materially to the difficulty of satisfying the obligation, it is the duty of the chancellor to carefully scrutinize the whole record in the light of the chronology of events. If the record reveals that such delay in seeking an enforcement of the obligation was unwarranted and that it has added materially to the difficulty of the defendant in carrying out its obligation to such an extent that it would work an undue hardship, which might have been avoided had the plaintiff been more diligent, such a defense should be sustained.

 The plea of laches and estoppel peculiarly apply to the enforcement of obligations against municipalities. Some of the bonds on their face were not to mature for ten years which is a long time in the course of the operations of municipal corporations. Local administrations change, populations change, there are transfers of property, economic conditions change, and various things enter into the practicability of collecting assessments on city property owned by private individuals. In the instant case the bonds were issued in the early 1920's. The whole country had gone through a period of credit inflation which produced a false national and local prosperity. This was followed by a devastating depression, a period of recovery, a worldwide war in which our country was engaged for nearly four years, a postwar inflation and the entry into another military conflict. The last of the bonds in question matured more than seventeen years before this action was brought. Actions were instituted in the state court wherein the lien to secure the bonds was denied. Nothing was done for a period of eleven years. Finally on October 16, 1951, the plaintiff asked this court to hold the City primarily liable and to require it to take proper steps to make assessments.

 This is another of the numerous municipal bond cases which have arisen in this state, some of which the undersigned judge has decided. It has been the

attitude of the courts to protect the credit of the municipalities and to sustain the position of the bondholders where at all possible within the meaning of the law. Many stale claims, such as the one here, have been enforced to the detriment of the defendants and to the surprise of the plaintiffs. Had the plaintiff here, or his predecessors in title to these bonds, diligently prosecuted the claims, within a reasonable time after default, against the abutting property owners, the obligations would have been redeemed in full and no loss sustained. Now, however, after having waited beyond the five-year statutory period as determined in the case of City of Corbin v. Becker, 297 Ky. 485, 180 S. W.2d 419, and after having waited for eleven years after the City had prosecuted the claims to judgment, of which suits the plaintiff had knowledge and actively participated, though unsuccessfully in the state court, the plaintiff comes into this court and asks legal and equitable relief. The plea of estoppel is sustained.

■ I am further of the opinion that whatever rights the plaintiff had against the City of Catlettsburg accrued at the time the bonds matured, 1931, 1932, 1933 and 1934. Such action would have been for the purpose of determining the liability of the City and was not dependent upon the outcome of the City's actions against the abutting property owners. Had such a suit been filed within fifteen years of the time it accrued, the rights of the parties would have been determined and the City would have been guided in its actions to recover the assessments. The proceeding filed in the state court would have no bearing on this question. Consequently, such action could not toll the running of the statute. It is argued by the attorneys for the plaintiff that since the City, through its attorney and on authority of its officials, was taking legal proceedings to enforce the assessments that it would have been a vain thing for it to sue the City to require it to take such steps. At first blush such an argument appears persuasive. It is not, however, the right of the plaintiff now to say that it was satisfied with the proceedings which were being taken at the time they were taken and to now complain to the court that the City did not take the required proceedings under the terms of its obligations. Whether or not the state court lawsuits were in compliance with the contractual obligations of the City or whether they were entirely insufficient compliance was a chance which the bondholders took. They were charged with the limitations of the statute:

"In cities of the second, third and fourth classes the improvement bonds and interest thereon shall be payable exclusively out of funds actually collected by the city on account of the improvement taxes in anticipation of which the bonds are issued, and except as provided in KRS 94.490 the city shall, in no event, be liable on any such bond except to the extent of funds actually paid to it." KRS 94.480 (1)

"After the issue of bonds no suit shall lie to enjoin or resist the collection of any assessment or tax in anticipation of which the bonds are issued, and the validity of the same shall not be questioned, but all property owners shall be conclusively estopped from assailing the effectiveness or validity thereof." KRS 94.480 (3)

■ It is also contended by the plaintiff that the City erroneously applied the money collected to satisfy certain of the bonds rather than to prorate the amount collected as to all of the bonds. I believe the case of the City of Corbin v. Becker, supra, is a complete answer to this contention. It is agreed in the case at bar that the bonds had been in default more than fifteen years at the time this action was brought. I am of the opinion that such a claim by the plaintiff is barred by the fifteen-year statute of limitations. The following quoted from the Becker case is pertinent [297 Ky. 485, 180 S.W.2d 420]:

"It is not an action against a property owner on a matured assessment but one against the city for violation of its written obligation to collect the assessments and apply them to the payment of the bonds. Nor is the action

merely one on a liability created by statute. It is an action on the written promise and agreement of the city, as evidenced by the bonds, to apply the sums collected by it from the assessments to the payment of the bonds. To such an action the fifteen-year limitation provided by KS 2514, now KRS 413.090, as to actions upon a written contract is applicable."

It is therefore the judgment of the court that the plaintiff's complaint be dismissed and the defendant have judgment for its costs.